[No. 15113.   Department One. — March 25, 1893.]

WILLIAM B. McSHERRY, RESPONDENT, v. THE PENNSYLVANIA CONSOLIDATED GOLD MINING COMPANY ET AL., APPELLANTS.

CHANGE OF PLACE OF TRIAL — MOTION UPON FILING OF DEMURRER — COUNTER-MOTION — CONVENIENCE OF WITNESSES — IMPARTIAL TRIAL. — Where a motion for a change of the place of trial is made upon the filing of a demurrer to the complaint without filing an answer, the plaintiff cannot, by cross-motion, demand the retention of the action in the county where it is pending on the ground of convenience of witnesses, and that an impartial trial cannot be had in the county to which the action is sought to be transferred.

ID. — DEMAND — JOINDER OF DEFENDANTS. — It is not necessary that all the defendants in an action should join in a demand for a change of venue.

ID. — AFFIDAVIT OF MERITS BY ONE DEFENDANT FOR ALL. — An affidavit of merits, used at the hearing of a motion for a change of venue, in behalf of each and all the defendants, made by one of the defendants therein, which recites that the affiant makes it for each and all of the defendants

and at their request, and that the affiant and the other defendants have fully and fairly stated the facts of the case to their attorneys, who, upon such statement, advised each and all of them that they had a good and substantial defense upon the merits of the action, which each and all of them believed to be true, is in all respects sufficient, and is not objectionable because made by one of the defendants only.

ID. — RESIDENCE OF CORPORATION — PRINCIPAL PLACE OF BUSINESS. — The place of residence of a corporation is in the county where its principal place of business is situated, and that is the proper county, within the meaning of section 395 of the Civil Code, where an action against the corporation for an accounting, and a recovery of shares of its capital stock, alleged to have been illegally sold for delinquent assessments, must be tried, subject, however, to the other grounds of this and the following section, and the provisions of section 16 of article XII. of the constitution, and to the power of the court to change the place of trial as provided in the code.

ID. — PROOF OF PLACE OF BUSINESS — AFFIDAVIT OF MERITS — SHAM ALLEGATION OF COMPLAINT — INFORMATION AND BELIEF — CONFLICT OF EVIDENCE. — An allegation, in a complaint against a corporation, by one who has been general manager, director, and owner of a majority of its capital stock, that "plaintiff is informed and believes" that the defendant corporation has its principal office in the county in which the action is brought, will be disregarded, as a sham allegation, upon a motion to change the place of trial upon the ground that the action was brought in the wrong county, where the affidavit of merits by the president of the corporation, upon which the motion is based, shows that at the time of the commencement of the action, and afterwards, the principal and only place of business of the corporation was in the county to which the action is sought to be removed, and no notice of such statement is taken by the plaintiff in his opposing affidavit, and such sham allegation of the complaint does not raise a conflict of evidence upon the question as to the place of residence.

INJUNCTION BOND — TIME FOR JUSTIFICATION OF SURETIES — DISSOLUTION. — Section 529 of the Code of Civil Procedure, providing, among other things, that when the sufficiency of sureties upon an injunction bond is "excepted to, the plaintiff's sureties, upon notice to the defendant of not less than two nor more than five days, must justify before a judge or county clerk in the same manner as upon bail or arrest, and upon failure to justify at the time and place appointed, the order granting the injunction shall be dissolved," must be construed to mean that notice of justification must be given to the defendant of not less than two nor more than five days after the filing and serving of the notice of exception to the sufficiency of the sureties, and the plaintiff's sureties must justify within five days after said notice of exception is given, or the injunction will be dissolved upon motion.

ID. — EXCUSE FOR DELAY — MISLEADING CORRESPONDENCE — REVERSAL OF ORDER DISSOLVING INJUNCTION. — Where it appeared that a plaintiff, in an action in which an injunction had been obtained, might have been misled by correspondence had between his attorney and the attorneys for the defendant as to the time agreed upon between them when the sureties upon the injunction bond should justify, an order of the trial

court, upon motion therefor, dissolving the injunction for failure of the sureties to justify within the statutory time, was reversed, with directions to the trial court to make an order granting the motion to dissolve the injunction, unless the plaintiff's sureties should justify upon proper notice to the defendant within five days after the filing of the *remittitur.*

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a change of venue, and from an order refusing to dissolve an injunction.

The facts are stated in the opinion of the court.

*Kitts & Bowman,* for Appellants.

The right to have the action tried in the county where the defendants, or some of them, reside is statutory, and the court has no discretion. (*Cook* v. *Pendergast,* 61 Cal. 72; *Watkins* v. *Degener,* 63 Cal. 500.) The county where most of the defendants reside is the proper county. (*Rathgeb* v. *Tiscornia,* 66 Cal. 96.) The defendant corporation, having its principal place of business in Nevada County, had the right to have the place of trial changed to said county. (*Byrum* v. *Stockton Harvester Co.,* 91 Cal. 657; *Jenkins* v. *Cal. Stage Co.,* 22 Cal. 538; *Cohn* v. *Central Pac. R. R. Co.,* 71 Cal. 488.)

*Joseph P. Kelly,* and *Henry I. Kowalsky,* for Respondent.

The denial of the motion was in the discretion of the court. (*Sloan* v. *Smith,* 3 Cal. 410; *People* v. *Fisher,* 6 Cal. 154; *People* v. *Mahoney,* 18 Cal. 180; *Pierson* v. *McCahill,* 22 Cal. 128; *Watson* v. *Whitney,* 23 Cal. 376; *People* v. *Sexton,* 24 Cal. 78; *People* v. *Congleton,* 44 Cal. 92; *Hanchett* v. *Finch,* 47 Cal. 192; *People* v. *Perdue,* 49 Cal. 425; *People* v. *Yoakum,* 53 Cal. 567; *Creditors* v. *Welch,* 55 Cal. 469; *Reavis* v. *Cowell,* 56 Cal. 589; *Hall* v. *Central Pac. R. R. Co.,* 49 Cal. 454.) It is well settled that where a motion is made to change the venue upon the ground of non-residence of the defendants, the plaintiff may make a counter-motion to retain the case in the county in which it is commenced, upon any or all of the

other grounds. (*Reavis* v. *Cowell*, 56 Cal. 589; *Hall* v. *Central Pac. R. R. Co.*, 49 Cal. 454; *Edwards* v. *Southern Pac. R. R. Co.*, 48 Cal. 460; *Hanchett* v. *Finch*, 47 Cal. 192; *Pierson* v. *McCahill*, 22 Cal. 128; *Jenkins* v. *California Stage Co.*, 22 Cal. 537; *Loehr* v. *Latham*, 15 Cal. 418.) The county of San Francisco was the proper county, as the corporation defendant had its principal place of business there, and the contracts were made there. (Const., art. XII., sec. 16; *Lewis* v. *South Pac. Coast R. R. Co.*, 66 Cal. 209; *Nat. Bank* v. *Superior Court*, 83 Cal. 491.) All of the defendants should have joined in the demand. (*Remington S. M. Co.* v. *Cole*, 62 Cal. 311; *Pieper* v. *Centinela Land Co.*, 56 Cal. 173.)

FitzGerald, J. — The record in this case contains two appeals, — one from an order denying defendants' motion for a change of place of trial, the other from an order denying defendants' motion to dissolve an injunction. The action was for an accounting, and for the recovery of certain shares of the capital stock of the defendant corporation, alleged to have been illegally sold for delinquent assessments to the said corporation, who thereafter declared a stock dividend and distributed thirty per cent of plaintiff's stock to its stockholders, the individual defendants herein, who, it is alleged, fraudulently conspired together, and in pursuance of such conspiracy did fraudulently deprive plaintiff of his stock so sold and distributed as aforesaid. Plaintiff also obtained an order restraining and enjoining all of the defendants from disposing of any of said stock, and from levying any further assessments upon the outstanding capital stock of the defendant corporation, until the termination of this action.

The application for a change of place of trial was made by each and all of the defendants at the time of filing their demurrer, and before answering, on the ground " that the county designated in the complaint, viz., the city and county of San Francisco, is not the proper county." The affidavit upon which the application was

based shows that at the time of the commencement of the action, and afterwards, the principal and only place of business of the defendant corporation, and the place of residence of each of the other defendants, was in Nevada County, except the defendant Rhodes, whose place of residence was in Sacramento County. The application was resisted by opposing affidavits, on the grounds, —1. That an impartial trial of the case could not be had in Nevada County; 2. That the convenience of witnesses and the ends of justice would be promoted by the retention of the case; 3. That the defendant Rhodes did not join in the application, for the reason that he was never served with process, and never appeared or authorized any one to appear for or represent him in this action; 4. Insufficiency of the affidavit of merits; and 5. That the complaint, which is verified, shows that the principal place of business of the corporate defendant is in the city and county of San Francisco.

The first and second grounds of objection are disposed of by the case of *Cook* v. *Pendergast*, 61 Cal. 72, in which it was held that, "independent of an express provision of statute, the superior court ought not to be called on before issues of fact have been joined to decide that the convenience of witnesses will be promoted by a change of the place of trial, or that an action cannot be fairly and impartially tried in the county in which it is pending. The Code of Civil Procedure does not require a decision which, in the nature of things, must ordinarily be premature. . . . . If the motion to change the place of trial is brought to a hearing before he has answered, the plaintiff cannot, by cross-motion, demand the retention of the action in the county where it is pending, on the ground of convenience, etc." (See also *Heald* v. *Hendy*, 65 Cal. 321.)

With reference to the objection that Rhodes was never served with process, and that he never appeared or authorized any one to appear for him, it is sufficient to say that the record shows that the demand for a change of place of trial was signed by him, and that the at-

torneys herein, whether authorized to do so or not, did appear for and represent him.  But let us concede that he was never served, and that he never appeared, and that the attorneys who appeared for him did so without authority, and that these facts were shown in the proper way, which, of course, was not the case, still the claim that when a demand for a change of venue is made all the defendants must join in the demand cannot be sustained.  This point was expressly decided adversely to plaintiff's contention in *Rathgeb* v. *Tiscornia*, 66 Cal. 96. Nor is the contention that the affidavit of merits is insufficient because it was made by one of the defendants only well founded.  The affidavit, it is true, was made by Wilhelm, the president of the defendant corporation, and one of the individual defendants in the action. But it is expressly stated in the affidavit that he makes it for himself and for all and each of the defendants, and at their request; and further, that he and the other defendants have fully and fairly stated the facts of the case to their attorneys herein, who, upon such statement, advised each and all of them that they had a good and substantial defense upon the merits of the action, which each and all of them verily believed to be true.

The affidavit was used at the hearing of the motion in behalf of each and all of the defendants, and was in all respects sufficient.  (*Rowland* v. *Coyne*, 55 Cal. 1; *Palmer* v. *Barclay*, 92 Cal. 199; *People* v. *Larue*, 66 Cal. 235.)

The allegation in the complaint, that " plaintiff is informed and believes that the defendant corporation has its principal office in San Francisco," is not only immaterial, but when viewed in connection with plaintiff's previous relations with the corporation, having been general manager, director, and owner of a majority of its capital stock, and the positive and direct statement to the contrary made by the president of the corporation in the affidavit of merits, of which no notice was taken by plaintiff in his opposing affidavit, entitles it to be treated, as we think it really is, a sham allegation. The claim, therefore, that there is a conflict on the

question as to the place of residence is without any foundation whatever.

The place of residence of a corporation is in the county where its principal place of business is situated (*Jenkins* v. *California Stage Co.*, 22 Cal. 538; *Cohn* v. *Central Pac. R. R. Co.*, 71 Cal. 488; *Buck* v. *Eureka City*, *ante*, p. 135), and that is the proper county, within the meaning of section 395 of the Code of Civil Procedure, where actions against it of this character must be tried, subject, however, to the other grounds of this and the following section, and of the provisions of section 16 of article XII. of the constitution; also to the power of the court to change the place of trial as provided in the code. Upon the showing thus made, the defendants were entitled, as a matter of right, to have the place of trial changed to Nevada County, and the court erred in denying their motion to change the place of trial to that county.

The order appealed from is therefore reversed, and the court below directed to make an order granting plaintiff's motion for a change of the place of trial of this action to Nevada County.

The motion to dissolve the injunction was made on the ground that plaintiff's sureties failed to justify within a reasonable time, or at all, after notice of exception to the sufficiency of sureties was given. It appears that the injunction was served on February 29, 1892, and the notice of exception on the fifth day of March following. But no notice of justification was served or filed up to the twentieth day of the last-named month, or at all. The notice of motion to dissolve was thereafter served and filed, and on the first day of April the motion was heard and denied by the court. Section 529 of the Code of Civil Procedure provides, among other things, that when the sufficiency of sureties is "excepted to, the plaintiff's sureties, upon notice to the defendant of not less than two nor more than five days, must justify before a judge or county clerk in the same manner as upon bail on arrest, and upon failure to jus-

tify at the time and place appointed, the order granting an injunction shall be dissolved.". This section, in view of the damages that may result from the improper issuance of an injunction, must be construed to mean that notice of justification must be given to the defendant of not less than two nor more than five days after the filing and serving of the notice of exception to the sufficiency of the sureties. And the plaintiff's sureties must justify within five days after said notice of exception is given, or the injunction will, upon motion, be dissolved. But as it is possible that the respondent may have been misled by correspondence had between his attorney and the attorneys for appellants as to the time agreed upon between them when the sureties should justify, the order will be reversed, with directions to the court below to make an order granting the motion to dissolve the injunction, unless plaintiff's sureties shall justify, upon proper notice to the defendant, within five days after the filing of the *remittitur*.

So ordered.

McFARLAND, J., and DE HAVEN, J., concurred.