[L. A. No. 2527. In Bank.—August 26, 1910.]

CHESTER PASCOE, an Infant, by his Guardian *ad litem*, EVA PASCOE, Respondent, v. C. H. BAKER, Appellant.

CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES—TIME FOR MOTION.—A motion for retention of an action or to remand it to another county for trial on the ground of the convenience of witnesses cannot be made before the joining of issues of fact.

ID.—DILIGENCE IN MAKING MOTION—DELAY FOR TWO MONTHS—DISCRETION OF COURT.—Motions for change of venue should be prosecuted with diligence, and whether or not there has been undue delay must be determined by the trial court upon the facts of the particular case. In the present case, it was not an abuse of discretion for the trial court to hold that a delay for a little over two months in moving for the change was due diligence.

ID.—MOTION BY PLAINTIFF FOR RE-TRANSFER—AFFIDAVIT OF MERITS NOT REQUIRED.—Where a defendant has secured a transfer of the action to the county of his residence, and thereafter the plaintiff moves for a re-transfer to the county in which the action was originally commenced, on the ground of the convenience of witnesses, he is not required to file any affidavit, even if the complaint be unverified, showing that he has a meritorious cause of action.

ID.—COURT MAY DETERMINE MATERIALITY OF WITNESSES—AFFIDAVIT OF OPINION OF COUNSEL NOT REQUIRED.—Proceedings for a change of venue on the ground of the convenience of witnesses should be viewed in a liberal spirit, and if the affidavits in support of the change state the matters to which the witnesses will testify, the trial court may determine for itself how far the desired testimony may be needed. It is not a prerequisite to the change that the party asking it should file an affidavit that he has stated to his counsel the facts which he expects to prove by his witnesses, and is advised by his counsel that such witnesses are necessary and material.

ID.—DISCRETION OF COURT IN DETERMINING MOTION—APPEAL.—In determining motions for a change of the place of trial on the ground of

the convenience of witnesses, much is confided to the discretion of the trial court, and its determination will be interfered with on appeal only where it is clear that there has been an abuse of such discretion. In the present case, no abuse of discretion in granting the change appears.

APPEAL from an order of the Superior Court of Los Angeles County changing the place of trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Lynn Helm, and Wilbur Bassett, for Appellant.

Johnstone Jones, Robert P. Jennings, and Louis H. Brownstone, for Plaintiff.

SLOSS, J.—Appeal by defendant from an order changing the place of trial.

The action is for damages for personal injuries. It was commenced in the city and county of San Francisco. The defendant appeared and demanded a transfer to the county of Los Angeles, in which he resided. His motion to that end was granted. Thereafter the plaintiff moved the superior court of Los Angeles County for an order re-transferring the action to the city and county of San Francisco, basing his application on the ground of convenience of witnesses. The present appeal is from an order granting this motion.

The appellant makes four points for reversal.

1. It is urged that the plaintiff delayed the making of his motion for so long a period as to deprive him of the right to have the cause removed. A motion for retention or remand on the ground of convenience of witnesses could not be made before the joining of issues of fact (*Heald* v. *Hendy*, 65 Cal. 321, [4 Pac. 27]; *McSherry* v. *Penn. C. G. M. Co.*, 97 Cal. 637, [32 Pac. 711]). It appears that the answer was filed on December 1, 1908, and that plaintiff's motion was presented on March 5, 1909. The hearing had, however, been continued to the last-named date, and had been noticed, by notice dated February 9, 1909, for the nineteenth day of February, 1909. The delay was, therefore, a few days more than two months. It is, no doubt, the general rule, that motions for change of

venue should be prosecuted with diligence. (4 Ency. of Plead. & Prac. 421; *Cook* v. *Pendergast*, 61 Cal. 72, 79; *Smith* v. *Pelton W. W. Co.*, 151 Cal. 399, [90 Pac. 932, 1135].) But whether or not there has been undue delay must be determined by the trial court upon the facts of the particular case. It certainly cannot be said that there was any abuse of discretion in the holding that, under the circumstances here disclosed, the plaintiff had moved with a reasonable degree of promptness.

2. The complaint was unverified, and the plaintiff filed no affidavit showing a meritorious cause of action. But we are cited to no authority in support of the appellant's claim that such affidavit is required. It is true that a defendant, asking a change on the ground that the county in which the action is commenced is not the proper county for the trial, must file an affidavit of merits. This is the express provision of section 396 of the Code of Civil Procedure. No such condition has, however, been imposed upon a party occupying the position of the respondent here.

3. In support of his motion, the plaintiff relied upon the affidavit of Mrs. Eva Pascoe, his mother and guardian *ad litem*. This affidavit discloses the names of a number of witnesses residing in the city and county of San Francisco, and sets forth the substance of the testimony that will be given by each of them. The affidavit does not allege that the plaintiff has stated to his counsel the facts which he expects to prove by his witnesses, and is advised by counsel that said witnesses are necessary and material. The appellant cites several New York cases holding that such allegations should be contained in an affidavit for change of venue on the ground of convenience of witnesses. We do not understand the rule to be without exception, even in New York. At any rate there is no authority requiring this court to apply it with the strictness contended for. Nor do we see any good reason for viewing proceedings of this character in any but a liberal spirit. If the affidavit contains a statement of the matters to which the witnesses will testify, the court may determine for itself how far the desired testimony may be needed. In *Cook* v. *Pendergast*, 61 Cal. 72, 79, it is said that "the affidavits should state what is expected to be proved by the witnesses, that the court may judge (in view of the issues) of their materiality;

otherwise they will be slightly regarded." The affidavit of plaintiff made a sufficient showing in this regard.

4. The appellant contends that an examination of the affidavits filed by the respective parties fails to show that the convenience of witnesses would be served by a change of venue. "Much is necessarily confided to the discretion of the trial court on motions for a change of place of trial on the ground of convenience of witnesses, and it is only where it is clear that there has been an abuse of such discretion that this court will interfere." (*Miller & Lux* v. *Kern County Land Co.*, 140 Cal. 132, 136, [73 Pac. 836].) The complaint avers that plaintiff, while lawfully in a store conducted by defendant in San Francisco, was injured by falling through a trap-door which said defendant had negligently left open and unprotected. The answer denies every allegation of the complaint. The affidavit in support of the motion shows that four witnesses, in addition to plaintiff himself, reside in San Francisco. One of them is the physician who attended plaintiff from the time he received the injuries complained of. Three are familiar with the premises upon which plaintiff claimed to have been injured, with the situation of the trap-door, and with the purposes of plaintiff in entering the premises. The defendant's affidavit alleges that W. C. Ingram and one Walters were the only eye-witnesses of plaintiff's accident, and that defendant expects to have them appear and testify in Los Angeles. It is not averred, however, that either is a resident of Los Angeles County. There is no suggestion that Walters could not as well appear in the one county as in the other. The affiant does state that "it would be highly inconvenient and expensive for said Ingram to go to the county of San Francisco," but, inasmuch as it is further declared that Ingram resides in Beloit, Kansas, it is difficult to see how his convenience would be greatly affected by a change of the place of trial. Other witnesses, residents of Los Angeles, are named, but of them all that is stated is that they "are familiar with the situation, condition and circumstances surrounding said alleged happening." Since they were not eye-witnesses of the occurrence, this must be taken to mean that they can testify as to the physical conditions of the place of injury. But, there can, obviously, be no great difficulty in obtaining, in San Francisco, where the premises are located, other witnesses who can

testify to these matters.  Under all the facts, no abuse of discretion appears.

The order is affirmed.

Angellotti, J., Shaw, J., and Lorigan, J., concurred.