SÁNCHEZ, PLAINTIFF AND APPELLANT, *v.* ATLAS COMMERCIAL COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages.   (Change of Venue.)

No. 2032.—Decided June 27, 1919.

VENUE — CHANGE OF VENUE — CONVENIENCE OF WITNESSES. — Where a plaintiff bases his motion for a change of venue on the convenience of the witnesses he must put the court in possession of facts that will show that the interest of justice requires such a change. Generally, it is not sufficient merely to repeat in the affidavit accompanying the motion the allegations of the complaint. And when the affidavits of the defendant are positive and recite that the facts concerning the accident are best known to the witnesses residing in the place where the action was brought, the plaintiff mover has not overcome the right of the defendant to be sued in the district of his residence where the action was brought.

ID.—ID.—CONFLICTING AFFIDAVITS—DISCRETION OF COURT.—In cases of conflicting affidavits the appellate court will not generally disturb the discretion of the lower court.

ID.—ID.—The fact that the plaintiff and his witnesses are very poor does not of itself justify a change of venue.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. Henry G. Molina* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Where a complainant bases his motion for a change of venue on the convenience of witnesses he must put the court in possession of such facts as will show that the interest of

justice requires such a change. It is generally not sufficient merely to repeat in the affidavit for a change the averments of the complaint.

Where the affidavits of the defendant are positive and recite that the facts of the accident are best known to witnesses residing in the place where the suit was brought, the proponent of the motion, the complainant, has not overcome the right of the defendant to be tried in the district where he lives and where the suit was brought.

In cases of conflicting affidavits the court of appeal will not generally disturb the discretion of the court below. *Pascoe* v. *Baker,* 158 Cal. 232.

The fact that the complainant and his witnesses are extremely poor would only be a circumstance to be taken in consideration by the trier, but neither by itself nor with the other facts of the case is a change of venue justified.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.