[S. F. No. 9930. In Bank.—April 12, 1923.]

HOMER H. SHEFFIELD, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION INC. (a Corporation), Appellant.

[1] PLACE OF TRIAL—ACTION AGAINST CORPORATION—APPLICATION FOR CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES—WHEN COUNTER-MOTION WILL LIE.—Where a corporation is sued for damages for personal injuries, arising out of an accident, in a county other than the county in which the accident occurred or the county in which it resides, and files a verified answer with an affidavit of merits and a written demand that the action be transferred to the county of its residence, a counter-motion to retain the action in the county where it was commenced on the ground that the convenience of witnesses and the ends of justice would be promoted by so doing will lie; this rule being subject to the exception that, unless answer has been filed at the time the demand for change of venue is made, a counter-motion to retain the case on the ground of the convenience of witnesses will not lie.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for change of place of trial. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. P. Gibbs, Theodore Hale and Barry J. Colding for Appellant.

Ford & Johnson for Respondent.

MYERS, J.—This is an appeal from an order denying defendant's motion for a change of venue. The action was to recover damages for personal injuries sustained by plaintiff while being carried as a passenger in one of defendant's stages. The principal place of business of the defendant corporation was in Los Angeles County; the accident occurred in Santa Clara County, and the action was commenced in the superior court of the city and county of San Francisco. The defendant did not demur to the complaint, but filed its verified answer, and with it an affidavit of merits and a written demand that the action be transferred to Los Angeles County for trial. Its notice of motion for change of venue was upon the grounds that (1) the county designated in the complaint was not the proper county; (2) that the defendant was and is a resident of the county of Los Angeles, and (3) that the convenience of witnesses and the ends of justice would be best served by changing the place of trial to the latter county. Defendant made no showing, by affidavit or otherwise, in support of its third ground.

In response thereto the plaintiff made a counter-motion to retain the action in the city and county of San Francisco on the ground that the convenience of witnesses and the ends of justice would be promoted by so doing. His affidavit in support thereof is admittedly sufficient both as to form and substance. Upon the hearing of the two motions the trial court made its order denying defendant's motion for change of place of trial, from which order this appeal is prosecuted.

[1] Appellant's contention is that "retaining or changing the venue of this action upon the ground of convenience of witnesses can only be done when the action is instituted in the proper county in the first instance." This precise question has been decided adversely to appellant's contention as often as it has arisen in the courts of this state. In *Jenkins* v. *California Stage Co.*, 22 Cal. 537, this court said: "When defendant applies for a change of the place of trial,

on the ground that the action was not brought in the county where he resides, the plaintiff has a right to oppose the motion by showing that the 'convenience of witnesses and the ends of justice would be promoted' by refusing the change, and such facts should govern and control the court in determining the question whether the application for the change should be granted or not." (See, also, *Loehr v. Latham*, 15 Cal. 418; *Pierson v. McCahill*, 22 Cal. 127; *Hanchett v. Finch*, 47 Cal. 192; *Edwards v. Southern Pac. R. R. Co.*, 48 Cal. 460; *Hall v. Central Pac. R. R. Co.*, 49 Cal. 454; *Reavis v. Cowell*, 56 Cal. 588; *Wong Fung Hing v. San Francisco etc.*, 15 Cal. App. 537 [115 Pac. 331].) In *Hall v. Central Pac. R. R. Co.*, *supra*, the court said: "In *Edwards v. Southern Pac. R. R. Co.* (48 Cal. 460), we hold that under the former Practice Act, in a similar case, the place of trial ought not to be changed, if the convenience of witnesses required that the action be tried in the county where it was first pending. The Code of Civil Procedure has made no change in the law, which requires a modification of the rule, and the rule has been so long established that we do not feel at liberty to depart from it." Those words are equally appropriate to the present time and the instant case. We find no authority to the contrary and none has been cited by the appellant.

The rule of the cited cases is subject to the exception that, unless answer has been filed at the time the demand for change of venue is made, a counter-motion to retain the case on the ground of the convenience of witnesses will not lie. (*Cook v. Pendergast*, 61 Cal. 72; *McSherry v. Pennsylvania C. G. M. Co.*, 97 Cal. 637 [32 Pac. 711]; *Pascoe v. Baker*, 158 Cal. 232 [110 Pac. 815].) This is for the obvious reason that until the issues are settled the court cannot determine what testimony will be material thereto. The case at bar was at issue when the motion was made, and therefore does not fall within this exception.

The order is affirmed.

Seawell, J., Lennon, J., Lawlor, J., Waste, J., and Wilbur, C. J., concurred.