[Civ. No. 4740.   Second Appellate District, Division One.—May 16, 1927.]

## JAY P. DAWSON, Respondent, v. BYRON F. DAWSON, et al., Appellants.

[1] PLACE OF TRIAL—RESIDENCE—CONVENIENCE OF WITNESSES—ISSUE OF FACT NOT JOINED.—A motion for a change of place of trial of a transitory action on the ground of defendants' residence cannot be defeated upon the ground of alleged convenience of witnesses, where an issue of fact has not been joined.

---

(1) 40 Cyc., p. 137, n. 43.

APPEAL from an order of the Superior Court of Imperial County refusing to change place of trial. M. W. Conkling, Judge. Reversed.

The facts are stated in the opinion of the court.

Louis Lamy and Lamy & Smith for Appellants.

Huber A. Collins for Respondent.

YORK, J.—Before an issue of fact had been joined, defendants moved, under section 395 of the Code of Civil Procedure, to have the trial of the action transferred to the county of Los Angeles, on the undisputed fact that they were residents of the county of Los Angeles at the time of the commencement of the action, and were not at the time of the commencement of the action, or at the time of the hearing, residents of Imperial County. An objection was

1. See 25 Cal. Jur. 883.

made by the plaintiff to the removal of the cause on account of alleged convenience of witnesses, under subdivision 3 of section 397 of the Code of Civil Procedure.

[1] The question is therefore presented whether or not such an objection would be well taken or could be considered before an issue of fact has been joined. No answer has yet been filed, and until the trial court could be properly informed of the facts to be established at the trial, or until it could be determined from all the pleadings of the case whether witnesses, and the evidence to be given by them, as set forth in affidavits presented to support such objection, would be even necessary or material, a transfer on account of convenience of witnesses could not be granted.

In the case of *Cook* v. *Pendergast,* 61 Cal. 72, particularly at page 80, the supreme court says: "Independent of the express provision of the statute, the superior court ought not to be called on, before the issues of fact have been joined, to decide that the convenience of witnesses will be promoted by a change of the place of trial. . . . The Code of Civil Procedure does not require a decision which, in the nature of things, must ordinarily be premature." See, also, *Wong Fung Hing* v. *San Francisco etc. Funds,* 15 Cal. App. 537, 538, 539 [115 Pac. 331, 332], where the court says: "It clearly appears that defendant was a resident of San Francisco at the time of the commencement of the action, and, hence, upon demand duly made therefor, was, in the absence of a counter-showing, entitled to an order changing the place of trial to the county of its residence. (Code Civ. Proc., sec. 395.) Assuming, then, that notwithstanding such right on the part of defendant, the court might, nevertheless, upon a proper showing that the convenience of witnesses would be subserved thereby, retain the case for trial in Los Angeles county, the question presented for determination is whether the facts set forth in the affidavits presented by plaintiff justified the order made by the court. Subdivision 3 of section 397, Code of Civil Procedure, provides that the court may, on motion, change the place of trial, 'when the convenience of witnesses and the ends of justice would be promoted by the change.' Manifestly, until an answer is filed and issues of fact joined, it cannot be said a production of witnesses upon a trial will be required. Hence, a motion either to change the place of trial

or to retain it for trial in a county other than the proper county, based upon the convenience of witnesses, will not be entertained where the defendant appears by demurrer only. (*Cook* v. *Pendergast,* 61 Cal. 72; *Armstrong* v. *Superior Court,* 63 Cal. 411; *Sheffield* v. *Pickwick Stages,* 191 Cal. 9 [214 Pac. 852].) In the former case it is said: 'But where no issue of fact has been raised, as where the motion to change the place of trial is made when defendant has appeared only by demurrer to the complaint, how can the court intelligently determine that it will be for the convenience of witnesses to change the place of trial, or to retain the action for trial in the county designated in the complaint?' Therefore, in passing upon motions for a change of place of trial, where an answer is filed, it is the duty of the court to disregard the proposed testimony of an alleged witness which is not material to some issue of fact made. (*Miller & Lux* v. *Kern Co. Land Co.,* 140 Cal. 132 [73 Pac. 836]; *Ennis-Brown Co.* v. *Long,* 7 Cal. App. 313 [94 Pac. 250].) It is clear that plaintiff could not successfully resist defendant's motion unless it appeared from his affidavits that the testimony of the witnesses whose convenience was to be thereby subserved would be material and competent upon the trial of the issues involved. Applying this rule, it is apparent from an examination of the record herein that the facts did not justify the court in making the order from which defendant appeals.''

The action is transitory in its nature; being an action to recover damages for the alleged breach of a lessor's agreement that the lessee, at the termination of his leasehold, should be ''privileged to remove'' any fences, buildings, and other improvements which he may have made on the land at his own expense.

The lower court having refused to change the place of trial from the county of Imperial to the county of residence of defendants, to wit, Los Angeles County, the order of the lower court is reversed, with instructions to the lower court to order the transfer of said cause to the superior court of Los Angeles County.

Conrey, P. J., and Houser, J., concurred.