[Civ. No. 5485. First Appellate District, Division One.—July 21, 1927.]

SAN JOSE HOSPITAL (a Corporation), Respondent, v. E. E. ETHERTON, etc., Appellant.

Chalmer Munday and Fry & Jenkins for Appellant.

Samuel G. Tompkins for Respondent.

CASHIN, J.—An appeal from an order denying motion for a change of venue.

An action was brought by San Jose Hospital, a corporation, against defendant E. E. Etherton, a resident of Los Angeles County, to recover damages for the failure of the latter to complete the construction of a building in accordance with the contract between the above parties and against defendant Hart-Wood Lumber Co., a foreign corporation, as surety on the bond executed by both defendants to indemnify plaintiff against loss in the event of a failure by Etherton to perform the contract mentioned.

An answer was filed by defendant corporation and thereafter Etherton served and filed a demurrer to the complaint with a demand and notice of motion for a change of venue to Los Angeles County, the motion being supported by an affidavit of merits.

The motion was denied and Etherton appeals from the order.

The allegation as to the residence of Etherton was not denied by respondent, but its counter-affidavit filed in opposition to the motion alleged that the answer of defendant corporation raised several issues of fact requiring the testimony of at least fifteen witnesses at the trial of the action, all of whom resided in Santa Clara County.

The names of these witnesses were not stated, nor did the affidavit show what testimony was expected from them.

The defendant corporation being a nonresident, as against it the venue was properly laid, and the trial of the action might have been had in Santa Clara County (*Thomas v. Placerville Min. Co.*, 65 Cal. 600 [4 Pac. 641]; *Rains v. Diamond Match Co.*, 171 Cal. 326 [153 Pac. 239]; *Ryan v. Inyo etc. M. & P. Co.*, 41 Cal. App. 770 [183 Pac. 250]), but

the action being transitory, this did not deprive appellant of the right to have the case tried in the county in which he resided at the commencement of the action. (*Banta* v. *Wink*, 119 Cal. 78 [51 Pac. 17]; *Pittman* v. *Carstenbrook*, 11 Cal. App. 224 [104 Pac. 690].)

A motion for a change of venue on the ground that the action was not brought in the proper county may be opposed by showing that the convenience of witnesses will be promoted by refusing the change (sec. 397, subd. 3, Code Civ. Proc.), but the rule is well settled that unless the answer has been filed at the time the demand is made a counter-motion to retain the cause on the latter ground will not lie (*McSherry* v. *Pennsylvania etc. Min. Co.*, 97 Cal. 637 [32 Pac. 711]; *Pascoe* v. *Baker*, 158 Cal. 232 [110 Pac. 815]; *Sheffield* v. *Pickwick Stages*, 191 Cal. 9 [214 Pac. 852]), and it has been held that the affidavit supporting the counter-motion should contain the names of the witnesses, together with the testimony expected from each, that the court may from the issues judge of the materiality of their testimony (*Loehr* v. *Latham*, 15 Cal. 418; *Cook* v. *Pendergast*, 61 Cal. 72–80; *Grant* v. *Bannister*, 145 Cal. 219–222 [78 Pac. 653]; *Ennis-Brown Co.* v. *Long*, 7 Cal. App. 313 [94 Pac. 250]).

The right to a change of the place of trial on the ground stated in appellant's motion was clear, and while a counter-motion to retain the cause for the convenience of witnesses is addressed to the discretion of the trial court, and its action thereon will not be disturbed on appeal in the absence of an abuse of discretion, here the affidavit filed in support of the counter-motion failed to state the names of the witnesses or the matters to which they were expected to testify, and it appears that the issues in the case remained to be settled.

In view of the state of the pleadings and the insufficiency of the affidavit within the rules stated in the above cases, the materiality of the testimony of the witnesses could not be determined, and appellant's motion should have been granted.

The order is reversed.

Tyler, P. J., and Knight, J., concurred.