[S. F. No. 12193. Department One.—January 23, 1928.]

VIRGEL GORDON, Respondent, v. S. J. PERKINS, Appellant.

Lee D. Windrem, W. T. Kearney and John W. Maloy for Appellant.

Henry I. Maxim and John J. Coughlan for Respondent.

PRESTON, J.—This is an appeal from an order of the Contra Costa County superior court granting a change of venue from that county to the county of Madera.

The complaint, which was filed in Madera County, alleged damages in the sum of eight thousand dollars suffered by plaintiff because of defendant's failure and refusal to perform his part of a certain written agreement respecting the sale by him to plaintiff of a forty-acre tract of land situate in said county. Defendant filed a demurrer to the complaint, together with notice of motion and demand for change of venue; also affidavit of merits in support thereof,

alleging also therein his residence in Contra Costa County. In opposition thereto plaintiff filed his counter-affidavit alleging that the convenience of witnesses and ends of justice would be promoted by retention of the cause in Madera County.

When in opposition to a motion for a change to the residence of defendant the convenience of witnesses is alleged, and· requires that an action be tried in the county where it was brought, the place of trial will not ordinarily be changed. This rule, however, is subject to the exception that, unless answer has been filed at the time the demand for change of venue is made, a counter-motion to retain the case on such ground will not lie, for the obvious reason that until the issues are settled the court cannot determine what testimony will be material. (*Cook* v. *Pendergast,* 61 Cal. 72; *Dawson* v. *Dawson,* 83 Cal. App. 119 [256 Pac. 491]; *Pascoe* v. *Baker,* 158 Cal. 232 [110 Pac. 815]; *San Jose ·Hospital* v. *Etherton,* 84 Cal. App. 516 [258 Pac. 611], and cases there cited; also, *Sheffield* v. *Pickwick Stages,* 191 Cal. 9 [214 Pac. 852].) The court therefore properly granted defendant's motion changing the place of trial to Contra Costa County.

When the matter was heard in the superior court of the latter county that court overruled the demurrer to the complaint and thereafter defendant duly filed his answer. Plaintiff then gave notice of motion for change of venue back to Madera County, supporting it with affidavit of merits and supplemental affidavit, in opposition to which defendant filed a counter-affidavit. Upon the hearing the court made its order granting plaintiff's motion and it is from that order that defendant is now appealing.

We are not called upon to consider his contention that the complaint does not state facts sufficient to constitute a cause of action, as this issue was determined by the overruling of the demurrer in the court below and is not before us on this appeal.

The remaining question involves the sufficiency of the averments of plaintiff's affidavits in support of his motion. On this point we have no hesitancy whatsoever in declaring that there is substantial and abundant evidence to uphold the order appealed from nor will anything be found in the counter-affidavits of defendant of sufficient weight

to disturb this conclusion. Where there is substantial evidence to support the action of the trial court an order based upon conflicting affidavits, either in granting or refusing a change of venue, will not be disturbed. (*Brown v. San Francisco Sav. Union,* 122 Cal. 648 [55 Pac. 598]; *Lakeshore Cattle Co.* v. *Modoc etc. Co.,* 108 Cal. 261 [41 Pac. 472]; *McKenzie* v. *Barling,* 101 Cal. 459 [36 Pac. 8].) "In considering the affidavits used upon the said motion this court is bound by the same rule that controls where oral testimony is presented for review. 'If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered established.' (*McKenzie* v. *Barling,* 101 Cal. 462 [36 Pac. 8]; *Doak* v. *Bruson,* 132 Cal. 18 [91 Pac. 1001]; *Henderson* v. *Cohen,* 10 Cal. App. 585 [102 Pac. 826].)" (*Sourbis* v. *Rhoads,* 50 Cal. App. 98, 100 [194 Pac. 521]; see, also, *Smilie* v. *Smilie,* 24 Cal. App. 420, 424 [141 Pac. 829].) ■ The affidavits of plaintiff disclose the names of numerous proposed witnesses—all residents of Madera County—who, he avers, will testify as to the circumstances alleged in the complaint, as to the value of the land involved, which is also situated in said county, and as to various other relevant matters, which need not be here set forth in detail. It is sufficient to state that the allegations thereof reveal ample support for the action of the court.

It should be remembered that all presumptions upon appeal are in favor of the order of the court as made changing the place of trial (*Grant* v. *Bannister,* 145 Cal. 219 [78 Pac. 653]). As said in the case of *Miller & Lux* v. *Kern Co. Land Co.,* 140 Cal. 132, 136 [73 Pac. 836]: "Much is necessarily confided to the discretion of the trial court on motion for a change of place of trial on the ground of convenience of witnesses, and it is only where it is clear that there has been an abuse of such discretion that this court will interfere." (See, also, *Grant* v. *Bannister, supra,* and *Pascoe* v. *Baker, supra.*)

Order affirmed.

**Curtis,** J., and Seawell, J., concurred.