[Civ. No. 3843. Third Appellate District.—April 4, 1930.]

ALFRED D. WOODS et al., Respondents, v. HARRY BERRY et al., Appellants.

*REPORTER'S NOTE.—The Supreme Court granted a rehearing in the case of *Smellie* v. *Southern Pac. Co.*, on April 28, 1930.

Herbert Choynski and Sidney Rhein for Appellants.

Carr & Kennedy for Respondents.

THOMPSON (R. L.), J.—This is a motion on the part of respondents to affirm an order denying defendants' application for a change of venue.

The complaint was brought against the principal and sureties on an indemnity bond for the value of labor performed and materials furnished by the plaintiffs pursuant to a contract for the repairing of a hotel building at Redding. The defendants filed a motion for change of venue based upon an asserted residence in San Francisco. The plaintiffs filed a counter-motion to retain the action for trial in the county of Shasta. Affidavits and counter-affidavits were filed by the respective parties on both motions. Upon the hearing of these motions the court denied defendants' application for a change of venue and granted plaintiffs' motion to retain the action for trial in Shasta County. A notice of appeal was filed in due time and a demand for a transcript was made pursuant to section 953a of the Code of Civil Procedure. The clerk prepared and personally certified to the proceedings, including therein the complaint, counter-motions, demands and accompanying affidavits of the respective parties, the minute order of the court disposing of these motions, the notice of appeal, demand for a clerk's transcript and the clerk's certificate of

proceedings. It does not appear from this record that the defendants either demurred to the complaint or filed an answer thereto. No certificate of the trial judge to the accuracy of the proceedings or the affidavits appears. The transcript, certified to by the clerk alone, was filed in this court June 7, 1929. Appellants' opening brief on appeal was filed August 7, 1929. After extension of time procured for the filing of respondents' brief, this motion was filed by it March 15, 1930, to affirm the orders of the trial court denying defendants' application for a change of venue and granting plaintiffs' counter-motion to retain the action for trial in Shasta County for the convenience of witnesses.

 Assuming that the record which is before this court ''constitutes a full, true and correct copy of the judgment-roll,'' as the clerk has certified that it does, we must conclude that no answer was filed since none appears in the transcript. The issues of the cause were therefore not joined and it was impossible to determine what witnesses would be required to attend the trial in Shasta County. Until an answer is filed and the issues are joined a court may not lawfully determine the place of trial based upon the convenience of witnesses for the obvious reason there is no possibility of then ascertaining what witnesses may be required. (*Dawson* v. *Dawson,* 83 Cal. App. 119 [256 Pac. 491]; *Wong Fung Hing* v. *San Francisco Relief & Red Cross Funds,* 15 Cal. App. 537 [115 Pac. 331].)

 It seems to have been contemplated by statute and the courts that a motion for change of venue shall be heard upon affidavits and the verified pleadings. At least this is the uniform practice in California. (Sec. 396, Code Civ. Proc.; 5 Standard Ency. of Proc., p. 35; 40 Cyc. 156, sec. 3; *Schilling* v. *Buhne,* 139 Cal. 611 [73 Pac. 431]; *Cook* v. *Pendergast,* 61 Cal. 72.) The affidavits constitute the evidence upon which the validity of the order depends. The evidence is not a part of the judgment-roll. (Sec. 670, Code Civ. Proc.) The clerk has no authority to certify to any part of the proceedings and record except what is properly included in the judgment-roll, together with the notice of appeal and demand for transcript. (*Pierce* v. *Works,* 171 Cal. 684 [154 Pac. 852]; *Martin* v. *Pacific Gas & Elec. Co.,* 195 Cal. 544 [234 Pac. 321].) The affidavits which were filed upon these counter-motions to determine

the place of trial in the present action are therefore not properly before this court on appeal. On the merits of the appeal, under such circumstances, this court would be required to presume that the orders in question were amply supported by affidavits. This, however, is not a hearing on the merits, but is a mere motion to affirm the orders for the lack of a certificate of the trial judge as to the accuracy of the affidavits which appear in the record.

Upon this motion to affirm the orders of the trial court the affidavit of Herbert Choynski, one of the attorneys for appellants, was filed, from which it appears that upon giving the notice of appeal and filing a demand for a clerk's transcript pursuant to section 953a of the Code of Civil Procedure, the defendants relied upon the clerk to present the record to the judge of that court for his certificate as required by the third paragraph of the last-mentioned section; that the clerk neglected to perform this duty and that the appellants had no knowledge of this omission until the present motion to affirm the said orders was served upon them on March 15, 1930; that the appellants thereupon promptly presented to the trial judge the necessary certificate, which he refused to sign on the erroneous assumption that it was unnecessary. It also appears that proceedings were pending at the time of this hearing to procure the necessary certificate of transcript, but that the appellants were unable to complete their application in the brief period of time which remained prior to this hearing.

We are, therefore, of the opinion that the appellants should be allowed time within which to institute appropriate proceedings to secure a record upon which this appeal may be heard on its merits.

The motion to affirm the order with relation to the proper place of trial is therefore denied without prejudice.

Plummer, J., and Finch, P. J., concurred.