[Civ. No. 7779. First Appellate District, Division One.—September 23, 1931.]

MARIE JANSING, Respondent, v. F. BOWEN, Appellant.

E. H. Christian for Appellant.

A. J. Stebenne for Respondent.

KNIGHT, J.—Plaintiff brought this action in San Mateo County to recover damages for the alleged breach of a contract to install a heating apparatus in an apartment house in Redwood City; and defendant appeared in the action by filing a demurrer to the complaint, and a motion for a change of venue to the county of Santa Clara based upon the ground that he was a resident of that county. At the time the matter came on for hearing plaintiff presented a counter motion to retain the action in San Mateo County upon the ground of convenience of witnesses; and subsequently the trial court denied defendant's motion. From the order made in that behalf defendant prosecutes this appeal.

The law is well settled that unless answer has been filed at the time the demand for change of venue is made, a counter motion to retain the case on the ground of convenience of witnesses will not lie, for the obvious reason that until the issues of fact are settled by answer the court cannot determine what testimony will be material. (*Sheffield* v. *Pickwick Stages*, 191 Cal. 9 [214 Pac. 852]; *Gordon*

v. *Perkins,* 203 Cal. 183 [263 Pac. 231] ; *San Jose Hospital* v. *Etherton,* 84 Cal. App. 516 [258 Pac. 611] ; *Dawson* v. *Dawson,* 83 Cal. App. 119 [256 Pac. 491] ; *Woods* v. *Berry,* 105 Cal. App. 90 [286 Pac. 1073] ; *McSherry* v. *Penn. C. G. M. Co.,* 97 Cal. 637 [32 Pac. 711] ; *Pascoe* v. *Baker,* 158 Cal. 232 [110 Pac. 815] ; *Cook* v. *Pendergast,* 61 Cal. 72; *Heald* v. *Hendy,* 65 Cal. 321 [4 Pac. 27] ; *Armstrong* v. *Superior Court,* 63 Cal. 410.) There was no answer filed in the present case; and therefore, since plaintiff did not challenge the legal sufficiency of defendant's moving papers, nor question the merits of his motion, he was entitled to have the action transferred to the county in which he resided. The order appealed from is reversed.

Tyler, P. J., and Cashin, J., concurred.