[Civ. No. 8298.  First Appellate District, Division One.—November 21, 1932.]

BESSIE SOWERS, Respondent, v. GEORGE A. SOWERS, Appellant.

Inman & West and Harry A. Chamberlin for Appellant.

George Acret for Respondent.

KNIGHT, J.—Defendant appeals from an order denying his motion for change of place of trial based on the ground of nonresidence, and granting plaintiff's counter-motion to retain the case on the ground of convenience of witnesses.

The action was brought in Los Angeles County by defendant's divorced wife to obtain a judgment providing for the maintenance and support of their two minor children, whose custody had been theretofore awarded to plaintiff by a divorce decree granted in the state of Arizona, but which contained no provision for their maintenance and support. The complaint in the present action was filed on October 3, 1929. Summons was served on defendant in Sacramento, where he resided; and on October 28th he filed notice of motion for change of place of trial, a demand therefor and an affidavit of merits. Two days later, to wit, on October 30th, he filed his answer to the complaint, and on November 1, 1929, plaintiff filed her counter-motion, accompanied by a supporting affidavit, to retain the trial of the action in Los Angeles County. On the following day, November 2d, defendant filed a demurrer to the complaint. The motions and the demurrer were heard on November 13, 1929, at which time defendant's motion was denied, his demurrer was overruled, and plaintiff's counter-motion was granted.

According to the well-established rule, if a defendant, moving for a change of place of trial on the ground of nonresidence, files an answer to the complaint, the plaintiff in the action is entitled to interpose and have determined in the court in which the action is filed a counter-motion to retain the trial of the action in that court, the reason for the rule being that upon filing the answer the facts of the case are at issue and the court is in a position to determine what testimony will be material to those issues. (*Sheffield* v. *Pickwick Stages*, 191 Cal. 9 [214 Pac. 852]; *Gordon* v. *Perkins*, 203 Cal. 183 [263 Pac. 231]; *San Jose Hospital* v. *Etherton*, 84 Cal. App. 516 [258 Pac. 611]; *Dawson* v. *Dawson*, 83 Cal. App. 119 [256 Pac. 491]; *Woods* v. *Berry*, 105 Cal. App. 90 [286 Pac. 1073]; *McSherry* v. *Pennsylvania C. G. M. Co.*, 97 Cal. 637 [32 Pac. 711]; *Pascoe* v. *Baker*, 158 Cal. 232 [110 Pac. 815]; *Cook* v. *Pendergast*, 61 Cal. 72; *Heald* v. *Hendy*, 65 Cal. 321 [4 Pac. 27]; *Armstrong* v. *Superior Court*, 63 Cal. 410; 25 Cal.

582

Jur. 882.) In the present case, therefore, immediately upon the filing of defendant's answer, plaintiff was entitled to interpose her counter-motion and the trial court in which the action was brought was vested with full legal authority to hear and determine the same.

Defendant argues that "the case was not at issue for the obvious reason that defendant by demurring and answering at the same time did not waive his demurrer", citing section 472 of the Code of Civil Procedure. But, as will be noted, defendant did not demur and answer at the same time. He filed his answer first, and his demurrer was not filed until five days later; and during the interim, following the filing of the answer and prior to the filing of the demurrer, plaintiff interposed her counter-motion. Therefore, the cause was at issue as to the facts when such counter-motion was filed; and manifestly the subsequent act of the defendant in filing a demurrer did not have the effect of changing the state of the record, nor of nullifying plaintiff's counter-motion theretofore filed.

█ The remaining question relates to the merits of plaintiff's counter-motion. The code provides that such a motion shall be granted when the convenience of witnesses and the ends of justice would be promoted thereby (Code Civ. Proc., subd. 3, sec. 397); and in dealing with the question of the power of the trial court to be exercised under said code section it is held generally that much is confided to the discretion of the trial court, and that its determination will not be interfered with on appeal unless it clearly appears that there has been an abuse of such discretion. (*Pascoe* v. *Baker, supra.*) █ The record here shows that the children involved are girls, aged respectively eighteen and sixteen years; that they were attending school in Los Angeles County, where they had been domiciled for more than two years; and in support of the counter-motion it was averred that they were necessary and material witnesses in the case by whose testimony plaintiff expected to establish the amount required for their future maintenance and support and that plaintiff was unable to furnish such support and that previously defendant had agreed to do so; that it would be an injustice and result in great inconvenience to the girls if they were required to attend a trial of the action in Sacramento County because, among other

things, their school work would be seriously interrupted. In view of the foregoing circumstances we are not prepared to hold that the trial court abused its discretion in granting plaintiff's counter-motion.

■ Defendant argues that the testimony of the girls would be cumulative merely of that to be given by plaintiff; and that consequently the presence of the girls at the trial in Sacramento would be unnecessary. But even though their testimony would be cumulative, the nature of the issues of fact raised by the complaint and the answer are such that plaintiff would be entitled to have her own testimony on disputed points corroborated by other witnesses. Furthermore, the presence of the girls in court would doubtless aid the trial judge in determining whether defendant should be required to contribute toward their support, and if so what amount.

■ It is also contended that although the girls are not parties to the action their beneficial interest in the result of the case is such that their convenience should be disregarded. The contention is without merit for the reason that whatever judgment may be obtained will run in favor of plaintiff and not the girls.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.