JUAN PIERESCHI VALLET, Petitioner and Appellant, v. THE COMMISSIONER OF AGRICULTURE AND COMMERCE, as President of the PUERTO RICAN COFFEE PRICE STABILIZING CORPORATION ET AL., Respondents and Appellees.

No. 8701. Argued May 7, 1943.—Decided May 20, 1943.

José Sabater for appellants. M. Rodríguez Ramos, Acting Attorney General, and A. E. Franco Cabrero, Deputy Attorney General, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Juan Piereschi Vallet filed an application for a writ of mandamus in the District Court of Mayagüez, to compel respondents, that is, Fernando M. Villamil, Commissioner of Agriculture and Commerce, as President of the Puerto Rican Coffee Price Stabilizing Corporation; Vicente Medina, and J. M. Campos, manager and paymaster, respectively, of said corporation, to pay the petitioner a certain amount of money which, according to him, he was entitled to receive as a coffee subsidy, as provided by the laws in force. The court issued a preliminary writ, and the respondents filed a motion asking for the transfer of the case to the District Court of San Juan, accompanied with the respective affidavit of merits, and also filed their answer to the writ. Petitioner immediately filed a motion, asking the court to retain the case by reason of the convenience of the witnesses, accompanying it with an affidavit of merits. After a hearing, the court

granted the motion of the respondents, and ordered the transfer asked for, and at the same time decided that it lacked power to consider the motion of the petitioner.

Against said order, petitioner filed the present appeal, and alleges that the lower court erred "Upon transferring the case, the respondents having failed to request the petitioner for the transfer" and "upon refusing to retain the case, when the retention was based in the furtherance of justice and the convenience of the witnesses."

■ To support his first assignment, appellant cites the case of *Estrada* v. *Oreña,* 54 Cal. 407, and argues that, according to §82 of our Code of Civil Procedure, for a defendant to be entitled to ask for the transfer of a case, he must previously notify the plaintiff. Since 1911, this court, in *Bithorn et al.* v. *Ball et al.,* 17 P.R.R. 549, after citing among others *Estrada* v. *Oreña, supra,* has held that such a petition in writing to the other party was not necessary and that an interpretation to the contrary "does not commend itself to our good judgment, because the demand should be made on some person or tribunal that has the power to grant it, which the plaintiffs in this case have not; but the trial court has the authority to make the change of *venue,* and to that tribunal the demand should be addressed."

■ By the second assignment of error it is maintained that the lower court erred in deciding that it lacked authority to consider the motion of the petitioner to the effect that it continue hearing the case because the convenience of the witnesses and the furtherance of justice justified it. The court based its ruling principally on our decisions in *Mayagüez Dock and Shipping Co.* v. *Soltero,* 42 P.R.R. 368, and *Legarreta* v. *Treasurer,* 55 P.R.R. 20.

The facts in the case of *Mayagüez Dock & Shipping Co.* v. *Soltero, supra,* were identical to that of the case at bar. An application for a writ of mandamus was filed in the District Court of Mayagüez against the Superintendent of In-

surance, and the latter moved for a change of venue to the District Court of San Juan, because he resided and maintained his office as such Superintendent in the city of San Juan, and accompanied his motion with an answer in opposition to the application for mandamus. Then the corporation petitioner moved the court to retain jurisdiction of the case on the ground of convenience of witnesses. The court declared that, although the respondent was entitled to the change of venue by reason of his residence, the case must be retained in the court of origin on the ground of convenience of witnesses. On appeal, this court reversed said order, and after citing the case of *Clemente* v. *Board of Examiners,* 38 P.R.R. 810—another case in which a writ of mandamus was sought, and in which it was held that the respondent board was entitled to a transfer of the case to the District Court of San Juan because the respondent had its residence in the city of San Juan—it was said as follows:

"A defendant in a personal action is entitled, as a matter of right, to have the action tried in the district of his residence, and the court is without authority to consider, at the instance of the plaintiff, the convenience of witnesses. After the venue has been changed to the proper district, the plaintiff may then move, on the ground of the convenience of witnesses, that the case be returned to the district originally designated in the complaint, if such convenience so requires. This doctrine which we approve appears from the following cases: *Mills & Gibb* v. *Starin,* 119 N. Y. (App. Div.) 336, 104 N. Y. S. 230 and *Lageza* v. *Chelsea Fibre Mills,* 135 N. Y. (App. Div.) 731, 119 N. Y. S. 906."

Appellant argues in the instant case that we should reverse our decision in the case of *Mayagüez Dock & Shipping Co., supra,* due to the fact that the doctrine we accepted in that case was taken from the jurisprudence of the State of New York therein cited, which is in open contradiction with the doctrine prevailing in the State of California, from where were taken §§75 to 86 of our Code of Civil Procedure, referring to venue in civil actions, especially when this court

in *Legarreta* v. *Treasurer,* 55 P.R.R. 20, decided that it is presumed that the Puerto Rican Legislature adopted said Sections with the interpretation which had been given them in their State of origin.

Appellant is right in maintaining that the prevailing rule through the years in California is the one stated in the case of *Sowers* v. *Sowers,* 16 P. (2d) 176 (Cal. 1932), thus:

"According to the well-established rule, if a defendant, moving for a change of place of trial on the ground of nonresidence, files an answer to the complaint, the plaintiff in the action is entitled to interpose and have determined in the court in which the action is filed a counter motion to retain the trial of the action in that court; the reason for the rule being that upon filing the answer the facts of the case are at issue and the court is in a position to determine what testimony will be material to those issues. *Sheffield* v. *Pickwick Stages,* 191 Cal. 9, 214 P. 852; *Gordon* v. *Perkins,* 203 Cal. 183, 263 P. 231; *San Juan Hospital* v. *Etherton,* 84 Cal. App. 516, 258 P. 611; *Dawson* v. *Dawson,* 83 Cal. App. 119, 256 P. 491; *Woods* v. *Berry,* 105 Cal. App. 90, 286 P. 1073; *McSherry* v. *Penn. C. G. M. Co.,* 97 Cal. 637, 32 P. 711; *Pascoe* v. *Baker,* 158 Cal. 232, 110 P. 815; *Cook* v. *Pendergast,* 61 Cal. 72; *Heald* v. *Hendy,* 65 Cal. 321, 4 P. 27; *Armstrong* v. *Superior Court,* 63 Cal. 410; 25 Cal. Jur. 882. In the present case, therefore, immediately upon the filing of defendant's answer, plaintiff was entitled to interpose her counter motion and the trial court in which the action was brought was vested with full legal authority to hear and determine the same."

The rule does not apply unless the answer has already been filed at the time the change of venue is asked. Plaintiff's motion to the effect that the case be retained on the ground of convenience of witnesses, will not prosper for the obvious reason that unless there exists a controversy, the court cannot determine which testimony will be material. 25 Cal. Jur. 882–3, §22.

Despite the rule adopted in the case of *Mayagüez Dock & Shipping Co., supra,* this Supreme Court, ever since the year 1909, had decided in the case of *Sarié* v. *Porto Rican Leaf Tobacco Co.,* 15 P.R.R. 190, applying the prevailing rule in California, the following:

"We cannot agree with the doctrine maintained by the lower court that it cannot consider the motion that it maintain jurisdiction of the case on account of the convenience of the witnesses, on the ground that such a motion should be submitted to the consideration of the District Court of San Juan, because if the defendant requested the transfer of the action because it had its residence in the city of San Juan and the plaintiff opposed it, invoking the convenience of the witnesses, the court should have considered the allegations of both parties, and decided the motion on the merits.

"Section 396 of the Code of Civil Procedure of California, is exactly identical to section 82 of our Code, and, therefore, we must accept the jurisprudence of the Supreme Court of that State on the question here involved."

Nevertheless, the order directing the transfer of the action sought by the defendant, was affirmed on the grounds that plaintiff did not place the lower court in a position to determine the place where the convenience of the witnesses required that the trial should be held, as plaintiff had failed to show what would be the nature of their testimony.

In the case at bar, the petitioner complied with said requisite, by filing various affidavits of the different witnesses whom he intended to use to sustain the allegations of his complaint.

The case of *Sarié* v. *Porto Rican Leaf Tobacco Co., supra,* has been cited in various subsequent cases, but not as to the specific point herein involved, but in relation to the insufficiency of the affidavits filed to sustain the petition for transfer on the grounds of the convenience of the witnesses and the residence of a foreign corporation, except in the case of *Carlo* v. *Central Bayaney,* 27 P.R.R. 278, in which it was decided that the case of *Sarié, supra,* was not applicable "for there the complaint had been answered and here it has not; therefore the cases are not parallel".

We are of the opinion that the rule adopted in the case of *Mayagüez Dock & Shipping Co.* v. *Soltero, supra,* which was taken from the jurisprudence of the State of New York, should not prevail, and that said case must be considered

114

overruled, and that according to the decision in the case of *Sarié* v. *Porto Rican Leaf Tobacco Co.*, *supra*, the same rule as in California must prevail in Puerto Rico, that is, that once a complaint has been answered by the defendant, who has asked for the transfer of the case on the grounds of his residence, plaintiff can resist said transfer on the grounds of convenience of witnesses, and the court has the power to decide the question thus submitted by the plaintiff before ordering the transfer sought by the defendant. The reason for this rule is obvious. The law does not require that useless and unnecessary steps be taken. Once the controversy has been established with the filing of his answer by the defendant, the court where the cause was initiated is in the same situation as the court where the residence of the defendant is located, to determine whether the convenience of the witnesses demands that the case continue to be tried in the court where the action was filed.

As the respondents in this case, relying on the rule established in *Mayagüez Dock & Shipping Co.*, *supra*, did not contest the affidavits introduced by the plaintiff and the lower court failed to consider them, the order appealed from must be reversed with instructions to said court that it must allow respondents a reasonable term to controvert the affidavits introduced by petitioner, and then proceed to decide the question at issue.

Mr. Justice Travieso did not participate herein.