PÉREZ ET AL. *v.* LÓPEZ, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *certiorari*.

No. 94.—Resuelto en junio 26, 1912.

IMPUGNACIÓN DE ELECCIONES—JURAMENTO DE LA DEMANDA—AFFIDAVIT—SECRETARIO DE UNA CORTE MUNICIPAL.—El secretario de una corte municipal no tiene facultades para tomar el juramento a una demanda que ha de presentarse ante una corte de distrito.

ID.—AFFIDAVIT DE UNA DEMANDA PRESTADO ANTE UN FUNCIONARIO QUE ES PARTE DEMANDANTE.—El *affidavit* de una demanda prestado ante un juez municipal que figura como parte demandante en dicha demanda es nulo por ser parte interesada en el resultado del pleito.

CERTIORARI—DEFECTOS JURISDICCIONALES—ENMIENDAS DE AFFIDAVITS.—Cuando los defectos de los *affidavits* de una demanda de impugnación de elecciones son de tál naturaleza que afectan a la jurisdicción del tribunal, la corte no puede permitir que se enmienden dichos *affidavits* después del término de 90 días que señala la ley para iniciar el procedimiento de impugnación de elecciones y el recurso de *certiorari* es el adecuado para revisar la orden de la corte de distrito autorizando dichas enmiendas.

ID.—EXCESO EN LA JURISDICCIÓN.—Procede el recurso de *certiorari* en los casos en que la corte inferior se excede en su jurisdicción y cuando no existe otro remedio adecuado, rápido y eficaz.

IMPUGNACIÓN DE ELECCIONES—NATURALEZA DEL PROCEDIMIENTO.—La impugnación de una elección es un procedimiento especial y deben cumplirse estrictamente todos los requisitos exigidos por la ley para que las cortes adquieran y conserven su jurisdicción sobre la materia de la acción.

Id.—Término para Iniciar el Procedimiento—Enmiendas a la Demanda.— De acuerdo con la doctrina sentada en el párrafo anterior, y teniendo en cuenta que la ley sobre impugnación de elecciones de 1906, exige que el procedimiento quede iniciado dentro de 90 días después de verificado el escrutinio de la elección, no puede enmendarse una demanda en un procedimiento de esta naturaleza después de expirado el término de 90 días para iniciar el procedimiento, y si la demanda original no es suficiente para conferir jurisdicción al tribunal, no puede enmendarse dicha demanda después de expirado el término mencionado.

Id.—Enmiendas a la Demanda Dentro del Término Marcado para Iniciar el Procedimiento.—El tribunal en su opinión no resuelve si las enmiendas a una demanda en un procedimiento de impugnación pueden hacerse dentro del término de 90 días fijado por la ley para iniciar el procedimiento, siendo, pues, ésta una cuestión abierta a discusión.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. Luiz Muñoz Morales y J. H. Brown.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

En este caso se expidió un auto de *certiorari* contra el Juez de la Corte de Distrito de Humacao. Se encontraba pendiente ante aquella corte un caso sobre impugnación de elecciones en el que Luis Amadee Bonnet y otros impugnaban la elección de Victor Molinari Duteil y otros para los cargos municipales del Pueblo de Vieques.

Al ser llamado el caso para juicio el demandado formuló una excepción previa a la demanda por no estar ésta jurada o sea, que los juramentos en los cuales la misma se fundaba eran nulos, y que además la notificación de la demanda no se hizo de conformidad con los requisitos esenciales que la ley prescribe para los casos de impugnación de elecciones. El juez de la corte de distrito declaró con lugar estas excepciones dictando al efecto las oportunas órdenes pero concedió a los demandantes el derecho de enmendar la demanda.

Alegan ante esta corte los peticionarios que al concederse el privilegio de hacer enmiendas el juez de distrito excedió su jurisdicción, porque los noventa días dentro de los cuales deben hacerse las impugnaciones habían expirado con ante-

rioridad al 28 de mayo de 1912, en cuyo día se dictó la orden que ha sido impugnada.   En apoyo de esta proposición los peticionarios presentan dos cuestiones: primera, que los defectos que se alegaron contra la demanda fueron jurisdiccionales y por lo tanto que procede el auto de *certiorari;* y segundo, que estos defectos reconocidos por la corte realmente existían.

Examinando estas cuestiones por su orden inverso podemos decir que resulta claro a nuestro juicio que las órdenes dictadas por el juez de distrito acerca de las cuestiones presentadas en la excepción previa fueron correctas.   El secretario de la corte municipal no estaba autorizado para tomar una declaración jurada a la demanda que había de presentarse en la Corte de Distrito de Humacao.   Leyes de 1903, p. 38; Leyes de 1904, p. 177; Leyes de 1906, p. 99; Leyes de 1908, p. 39; Leyes de 1910, p. 78.)   Por tanto el *affidavit* presentado por Francisco Luján ante Adrián Brenes, secretario de la corte municipal, fué nulo y de ningún valor. (2 Cyc., 10; 1 Words and Phrases, 242.)

Los *affidavits* prestados por los otros demandantes ante Francisco Luján, que actuaba como juez municipal de Vieques, fueron también nulos porque él era uno de los demandantes en el mismo caso, y por tanto, estaba interesado en su resultado.   (*Tracy* v. *Colby,* 55 Cal., 67 y 72; *Havemeyer* v. *Dann,* 33 L. R. A., 332, y notas; *Withers* v. *Baird,* 32 Am. Dec., 757 y notas.)

Podrían indicarse otros defectos en estos *affidavits* pero no es necesario hacerlo.   También la corte sentenciadora resolvió correctamente que no se hizo debidamente la notificación a que hace referencia la ley en casos de impugnación de elecciones.

Pero no se alegó que se hubiera cometido algún error por la corte de distrito en relación con estos particulares.   Los defectos fueron virtualmente confesados y se trató de subsanarlos mediante enmiendas que fueron permitidas por el juez de distrito.   Se alega que esta orden fué errónea.   Por

consiguiente la cuestión que principalmente debemos consi-
derar es si estos errores que encontró la corte de distrito en
los *affidavits* y en otros procedimientos, eran tales que afec-
taban o nó a la jurisdicción de la corte; y si fueron, por tanto,
susceptibles de ser subsanados. Si fueron jurisdiccionales y
la corte legalmente no podía permitir las enmiendas, enton-
ces debe declararse con lugar el presente auto de *certiorari,*
debiendo terminar los procedimientos en la corte de distrito.

En los casos en que la corte inferior se excede en su juris-
dicción y cuando no existe otro remedio adecuado, rápido y
eficaz, generalmente se ha expedido el auto por ser proce-
dente. (*Nuñez* v. *Soto Nussa,* resuelto en marzo 20, 1908;
*Méndez* v. *Soto Nussa,* resuelto en diciembre 20, 1907; y el
caso posterior de *Fajardo Development Co.* v. *Juez de Dis-
trito de Ponce,* resuelto en mayo 6, 1909. Estos casos están
reportados respectivamente en P. R. R., vol. 13, p. 366; vol. 14,
p. 190, y vol. 15, p. 244. También se citan muchos casos
en 6 Cyc., 745, 746, 759, 760, 761, a los que se hace referen-
cia. Véase también Spelling, artículos 1928, 1929, y 1930.)

La ley sobre impugnación de elecciones dispone que cual-
quier candidato dispuesto a impugnar la elección de otro que
hubiere obtenido el acta para algún cargo electivo deberá
dirigir a éste una notificación por escrito, y entregarle en
persona o a su agente o abogado, copia fiel y exacta de una
demanda exponiendo bajo juramento la razón o razones en
que fundare su impugnación, dentro de los noventa días de
verificado el respectivo escrutinio; y la notificación y es-
crito originales se remitirán al secretario de la corte de dis-
trito del distrito en que se hubiere celebrado la elección, a
más tardar cinco días después de haber entregado dicha noti-
ficación y escrito a la parte contra quien se estableciere la
impugnación. Por "día del escrutinio" se entiende aquél en
que el Consejo Ejecutivo hubiere verificado el recuento de
votos y anunciado oficialmente el resultado del mismo.
Leyes de la Sesión de 1906, p. 59.) Este artículo limita el
tiempo para iniciar estos procedimientos a noventa días; y

en vista de esta disposición del estatuto, debe tenerse presente que este permiso para hacer enmiendas a la demanda fué concedido después de haber expirado el término de noventa días fijado por la ley. La impugnación de una elección es un procedimiento especial y deben cumplirse estrictamente todos los requisitos que para ello señala el estatuto con el objeto de conferir o conservar la jurisdicción de las cortes sobre la materia de la acción. (*Freshour* v. *Howard,* 142 Cal., 501; *Wright* v. *Fawcett,* 42 Tex., 203; *Mercer* v. *Woods,* 33 Tex. Civ. App., 642; *State* v. *Dortch,* 41 La. Ann., 846.)

Una demanda que se presente contra una elección en forma de impugnación y que sea defectuosa en algún requisito exigido por el estatuto no puede ser enmendada después de haber expirado el término señalado por la ley para iniciar la impugnación, y si la demanda por virtud de la cual comienza la impugnación no es suficiente para conferir jurisdicción, resulta irremediable por haber expirado el término.

*Turner* v. *Hamilton,* 80 Pac. Rep., 664.

*Vigil* v. *Pradt,* 20 Pac. Rep., 795.

*Gillespie* v. *Dion,* 33 L. R. A., 703.

11 Cyc., 670, 693.

No se trata de resolver que tales enmiendas no pudieron hacerse dentro del límite de noventa días fijado por la ley; esa cuestión queda abierta a discusión.

El objeto de la ley sobre impugnación de elecciones fué el de disponer lo necesario para la celebración de un juicio rápido y que se resolvieran pronto tales casos. Es en interés del público que debe la ley ponerse en vigor tal como está escrita y poner término a esta clase de litigios; y éste ya se ha prolongado demasiado.

Por las razones que han sido expuestas en esta opinión debe declararse con lugar el auto de *certiorari* y ordenarse a la corte de distrito que desestime el caso con costas.

*Con lugar la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.