CARLO, DEMANDANTE Y APELADO, *v.* CENTRAL BAYANEY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

MOCIÓN del demandado apelante solicitando el traslado del pleito.

No. 1835.—Resuelto en abril 4, 1919.

TRASLADO DEL PLEITO—RESIDENCIA DEL DEMANDADO—CONVENIENCIA DE LOS TESTIGOS.—Cuando el demandado excepciona la demanda acompañando moción de traslado fundada en motivos de residencia, el demandante no puede resistir el traslado oponiendo la conveniencia de sus testigos, pues mientras no se presente la contestación no existe ninguna cuestión de hecho ante la corte.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Antonio Suliveres.*

Abogado del apelado: *Sr. Angel A. Vázquez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La demanda con que se inició este pleito fué presentada en la Corte de Distrito de Mayagüez y por ella se reclama del demandado el pago de cierta cantidad de dinero que se alega ser debido por la corporación demandada como perjuicios por el incumplimiento por su parte de un contrato de arrendamiento de servicios.

La demandada presentó excepciones previas a la demanda y al mismo tiempo solicitó por moción escrita que el asunto fuera trasladado a la Corte de Distrito de Arecibo por ser el lugar de su residencia y personal la acción que se ejercita; moción que luego enmendó con el consentimiento del deman-

dante, agregando a ella el fundamento, además de que la conveniencia de los testigos requería que el pleito se tramitase en la Corte de Distrito de Arecibo. Con la petición enmendada presentó declaración jurada sobre los méritos de su defensa y sobre las causas que hacían conveniente el traslado por razón de los testigos y acompañó también con ella el contrato celebrado entre las partes, un pliego de condiciones referentes a él y una carta del demandante relativa a dicho contrato.

El demandante presentó entonces una contra-moción en la que no impugna la residencia del demandado, pero alega que la petición de traslado por el fundamento de la conveniencia de los testigos es prematura porque el demandado no había presentado su contestación a la demanda; y alegando además la conveniencia de sus testigos pidió que el pleito quedara en la Corte de Distrito de Mayagüez. La contra-moción fué acompañada de una declaración jurada para demostrar tal conveniencia.

En tal estado el pleito, sin haber sido contestada la demanda, la Corte de Distrito de Mayagüez negó la moción de traslado del demandado fundándose en que no habiéndose contestado la demanda no podía considerar la petición de traslado en el particular de la conveniencia de los testigos; en que el traslado por la razón de la residencia podía ser resistido por el demandante por motivo de la conveniencia de los testigos y porque aunque pudiera considerarse la declaración jurada del demandado como suficiente para resolver el hecho de la conveniencia de los testigos, el balance estaba del lado del demandante porque el perjuicio de éste sería mayor con el traslado.

Esa resolución fué apelada por el demandado y está ahora sometida a nuestra consideración y decisión.

Admite el apelante en su alegato escrito que el fundamento de su petición de la conveniencia de los testigos hay que descartarlo porque no procede alegarse cuando no ha sido presentada la contestación a la demanda. Así es, en efecto,

porque mientras no se ha presentado la contestación no existe planteada ante la corte cuestión alguna de hecho y, por tanto, el tribunal no se halla en condiciones de poder conocer cuáles hechos hay que probar en el juicio y si la conveniencia de los testigos requiere que el asunto se traslade a otra corte. *Torres* v. *Torres,* 16 D. P. R. 352; *Cook* v. *Prendergast,* 61 Calif. 75.

Descartada esa cuestión queda por determinar si alegando el demandante la conveniencia de los testigos puede de este modo resistir la moción de traslado del demandado basada en su residencia.

El demandante sostiene la afirmativa apoyándose en el caso de *Sarié* v. *Porto Rican Leaf Tobacco Co.,* 15 D. P. R. 208, pero este caso no es de aplicación al presente porque en él existía una contestación, lo que no ocurre en el que estamos considerando y, por tanto, no tiene paridad.

En la opinión de esta Corte Suprema al resolver ese caso se citaron los de *Loerh* v. *Lathan,* 15 Calif. 418; *Jankins* v. *The California Stage Co.,* 22 id. 537; *Hanchett* v. *Finch,* 47 id. 192; *Edwards* v. *Southern Pac. R. Co.,* 48 Id. 460 y *Cook* v. *Prendergast, supra;* pero como se dice en el último, si bien en el de *Jenkins* v. *The California Stage Co.* expresamente se planteó por el abogado la cuestión de que basta que haya controversia en los hechos es imposible resolver sobre la conveniencia de los testigos, sin embargo, tal cuestión pasó desapercibida para la corte en vista de que se apoyó en los casos de *Loerh* v. *Lathan* y de *Pierson* v. *McCahill,* 22 Calif. 127, en los cuales la petición de traslado se hizo con la contestación o después de ella y porque la cuestión que principalmente se discutió por la corte fué la de si una corporación tenía residencia dentro del significado de la ley. En cuanto al caso de *Hanchett* v. *Finch* no aparece de él si la contestación había sido presentada o no y en el de *Edwards* v. *Southern Pac. R. Co., supra,* se funda en el de Jenkins y en los dos casos en él citados de *Loerh* v. *Lathan* y de *Pierson*

v. *McCahill*. El de *Cook* v. *Prendergast*, posterior a todos los relacionados, resuelve claramente que cuando sólo existe una excepción a la demanda no puede resistirse la moción de traslado por residencia oponiendo la conveniencia de los testigos; caso que ha sido afirmado en los posteriores de *Heald* v. *Hendy*, 65 Calif. 321, y de *McSherry* v. *Pennsylvania etc. G. Mining Co.*, 97 Calif. 637.

Siendo claro, pues, el derecho del demandado a solicitar el traslado por razón de su residencia y no habiendo podido resistirse en este caso esa moción por la conveniencia de los testigos, la corte inferior cometió error en su resolución negando el traslado del asunto a la Corte de Distrito de Arecibo y debe ser revocada.

> *Revocada la orden apelada, ordenándose el traslado del caso a la Corte de Distrito de Arecibo.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.