FRANCISCO A. CLEMENTE, demandante y apelado, *v.* LA JUNTA
EXAMINADORA DE INGENIEROS, ARQUITECTOS Y AGRIMENSO-
RES, ETC., demandada y apelante.

No. 4562.—*Visto:* Noviembre 23, 1928. *Resuelto:* Diciembre 13, 1928.

*Hon. Attorney General James R. Beverley, y Ortiz Toro, Sub–Pro-
curador,* abogados de la apelante; *Alberto S. Poventud,* abogado
del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del
tribunal.

Francisco A. Clemente formuló ante la Corte de Distrito
de Ponce una demanda contra la Junta Examinadora de In-
genieros, Arquitectos y Agrimensores, alegando que él se
había dedicado al ejercicio de la ingeniería eléctrica en
Puerto Rico, por más de diez y seis años con anterioridad a la
aprobación de la Ley No. 31, de 26 de abril de 1927, una
de cuyas secciones da a los que han estado en el ejercicio
de la profesión de ingeniero por no menos de tres años con
anterioridad a la aprobación de la ley, el derecho a que se
le dé por la Junta Examinadora una licencia para ejercer
tal profesión; que, en ese concepto, acudió a la junta, pi-
diendo en forma la licencia para ejercer como ingeniero
electricista, y haciendo el depósito de veinte dollars para tal
licencia; que la junta se ha negado a expedirle la licencia,

expresándole los motivos en carta fechada en San Juan, P. R., a 26 de enero de 1928; que el peticionario presentó a la junta una moción de reconsideración, con otro *affidavit* demostrando que ha trabajado como ingeniero electricista por más de diez y seis años, y la junta denegó de nuevo la petición, causándole así un perjuicio. Y pidió la expedición de un auto de *mandamus* para que la junta dé la licencia pedida o exponga razones para la negativa.

Se expidió por la corte el auto condicional de *mandamus;* y compareció la junta demandada, por medio del Procurador General Interino, el Procurador Auxiliar y el Sub-Procurador, para pedir el traslado del caso a la Corte de Distrito de San Juan, acompañando a la moción un *affidavit* de méritos, excepciones previas y contestación. La moción de traslado se funda en que la junta demandada reside en San Juan, y que la acción que se ejercita tiene por base hechos realizados por la demandada en su carácter oficial, y en San Juan.

El demandante se resistió al traslado y al mismo tiempo presentó una moción para inspección ocular de ciertos trabajos. Los fundamentos de la oposición fueron: que el demandante reside en Ponce, donde ha ejercido su profesión: que la demanda se dirige contra la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, creada por la ley para funcionar en toda la Isla, por lo que puede ser demandada en cualquier distrito de la misma: que se trata de un remedio rápido y especial, por lo que el traslado traería posposición de la vista y dilaciones, y que de admitirse se violaría la ley estableciendo el *mandamus,* que no admite más defensa que la contestación: que los testigos del caso residen en Ponce, y les sería materialmente imposible trasladarse a San Juan, por razón de sus ocupaciones en Ponce: que la causa de acción tuvo origen en Ponce, y de acuerdo con el artículo 79, Código de Enjuiciamiento Civil, y la jurisprudencia, el caso debe verse en el distrito en que se originó la

causa del litigio o alguna parte de ella; e invocó la discreción de la corte en casos de traslado.

Fijada la fecha para ver el caso, la demandada pidió suspensión de la vista por falta de tiempo para obtener la prueba; y la corte resolvió, declarando sin lugar la moción de traslado, y haciendo nuevo señalamiento para la vista. Contra esta resolución, de 26 de marzo de 1928, apeló la demandada.

■■ El único error que señala la apelante, se formula así:

"La Corte de Distrito de Ponce, cometió error al denegar la moción de traslado del caso para la Corte de Distrito de San Juan."

Invoca la apelante el precepto del artículo 82 del Código de Enjuiciamiento Civil, que autoriza la petición de traslado al distrito propio para el conocimiento del pleito. Indudablemente, los requisitos que de dicho precepto aparecen, han sido cumplidos en la moción de la apelante. Si es cierto que con la petición se presentaron excepciones previas y contestación, el artículo 82 que se cita autoriza, y aún mejor, ordena que se haga la moción al comparecer "a contestar o a formular excepciones," lo que no excluye que se presenten al mismo tiempo las dos alegaciones. Y es indudable que por la ley que estableció el auto de *mandamus,* (Art. 8, Ley citada, Sección 1335, Compilación de 1911) la persona notificada podrá alegar las causas en la forma de una contestación, y no se admitirá ninguna otra defensa o alegación escrita sino el auto y la contestación (Art. 10, Ley, y Sección 1337, Compilación citada). El precepto no es de tal manera rígido que fuerce a la parte a someterse a un tribunal que no sea competente. No hay situación alguna que autorice a crear en un tribunal una competencia de que, por ley, carece; y a la parte a someterse a tal competencia, sin invocar el amparo de la ley. Esta, al hacer declaraciones como la del artículo 10 que estudiamos, ha partido de la premisa de que

la corte que conoce del caso tiene jurisdicción para ello; y sobre esa premisa puede sustentar la declaración, por rígida que aparezca. La demandada no se sometió a la competencia de la corte, por el hecho de presentar la contestación, que era indispensable para la moción de traslado.

No nos parece dudosa la aplicabilidad del número 2°. del artículo 79 del Código de Enjuiciamiento Civil al presente caso. La demandada lo ha sido por razón de la denegación de una licencia, que, a juicio del demandante, tenía el deber de expedir. Ese acto es oficial, y parte del conjunto de actos para los que la ley ha facultado a la junta demandada; se halla entre los comprendidos en el párrafo 2° del artículo 79, antes citado. La realización de ese acto tuvo lugar en San Juan, donde la demandada tiene sus oficinas y su domicilio legal. La competencia para conocer de los litigios a que dé lugar, como causa directa e inmediata, ese acto, está en las cortes de San Juan.

La resolución apelada *debe ser revocada, y ordenarse el traslado* del caso a la Corte de Distrito de San Juan.