THE MAYAGÜEZ DOCK & SHIPPING COMPANY, demandante y apelada, *v.* AUGUSTO R. SOLTERO, SUPERINTENDENTE DE SEGUROS, demandado y apelante.

No. 5393.—*Sometido:* Junio 3, 1931. *Resuelto:* Junio 5, 1931.

*Hon. Attorney General James R. Beverley* y *Felipe Janer,* Subprocurador, abogados del apelante; *José Sabater,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

The Mayagüez Dock & Shipping Company presentó en la Corte de Distrito de Mayagüez una solicitud de *mandamus* para que se ordenase al Superintendente de Seguros de Puerto Rico, Augusto R. Soltero, que expidiese licencia a la peticionaria permitiéndole ser aseguradora de sus obreros. La corte ordenó al Superintendente demandado que compareciese ante ella a exponer razones, si las tenía, por las cuales no debería librarse el auto de *mandamus* interesado; y el Superintendente compareció y solicitó que el asunto fuera trasladado a la Corte de Distrito de San Juan por residir y tener su oficina como tal Superintendente en la ciudad de San Juan, acompañando a su moción su contestación a la solicitud interesando el auto de *mandamus,* al cual se opuso.

Después de esa moción de traslado la corporación peti-

cionaria del auto solicitó de la corte que retuviese su jurisdicción por la conveniencia de los testigos. La corte resolvió la petición de traslado hecha por el demandado declarando que tiene derecho a la traslación del asunto a la Corte de Distrito de San Juan por razón de su residencia, pero dispuso que el asunto quedase en su corte por la conveniencia de los testigos, y que continuasen los procedimientos. Esta resolución ha sido apelada por el demandado y motiva el presente recurso en el que no ha comparecido The Mayagüez Dock & Shipping Company.

■■ Habiendo declarado la corte inferior que el apelante tiene derecho a que este caso sea trasladado a la Corte de Distrito de San Juan por razón de su residencia, carecía de facultad para resolver cuál corte debe conocer de él por motivo de la conveniencia de los testigos y no debió retenerlo para continuar los procedimientos. En el caso de *Clemente* v. *Junta Examinadora de Ingenieros,* 38 D.P.R. 903, en el que se interesó un auto de *mandamus* contra dicha junta declaramos que la demandada tenía derecho a la traslación del caso a la Corte de Distrito de San Juan porque en la ciudad de San Juan tiene su residencia la demandada.

Todo demandado tiene derecho en una acción personal establecida contra él a que el juicio sea seguido, como cuestión de derecho, en el lugar donde tiene su residencia, y la corte no tiene autoridad para considerar a petición del demandante la conveniencia de los testigos. Después que el asunto sea trasladado al distrito propio podrá el demandante solicitar que por la conveniencia de los testigos vuelva al distrito designado originalmente en la demanda, si tal conveniencia lo requiere. Esta doctrina, que aceptamos, aparece de los siguientes casos: *Mills & Gibb* v. *Starin,* 119 N. Y. (Ap. Div.) 336, 104 N. Y. S. 230 y *Lageza* v. *Chelsea Fibre Mills,* 135 N. Y. (Ap. Div.) 731, 119 N. Y. S. 906.

*La resolución apelada debe ser revocada y devolverse el caso a la corte inferior para que ordene el traslado solicitado por el demandado.*