REYES SOTO, demandante y apelante, *v.* TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 7605.—*Sometido:* Noviembre 16, 1938. *Resuelto:* Diciembre 15, 1938.

*Pascasio Fajardo Martínez,* abogado del apelante; *Hon. Procurador General B. Fernández García* y *R. García Cintrón, Subprocurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En la Corte de Distrito de Mayagüez se radicó una solicitud contra el entonces Tesorero de Puerto Rico, Manuel V. Domenech, sustituído más tarde por el actual incumbente, Rafael Sancho Bonet, en la cual se interesa un auto de *mandamus* contra el Tesorero de Puerto Rico que le ordene la expedición de un cheque por el montante de cierta indemnización concedida por la Comisión Industrial de Puerto Rico al peticionario Reyes Soto. Oportunamente radicó el Tesorero de Puerto Rico una moción solicitando el traslado de este pleito a la Corte de Distrito de San Juan, por ser éste el distrito de su residencia. Se opuso el demandante, y contra la resolución decretando el traslado, luego de denegada la reconsideración de la misma, se interpuso el presente recurso de apelación.

Un solo error señala el apelante en su alegato, a saber:

"Que la Corte de Distrito de Mayagüez erró al declarar con lugar la moción de traslado del presente caso para ante la Corte de Distrito de San Juan."

Al discutir este error el apelante lo hace bajo tres aspectos distintos, es decir:

(*a*) Que los dos *affidavits* de mérito que se acompañaron a la moción de traslado son nulos, porque uno de ellos fué jurado por el Tesorero ante su propio abogado Lic. Manuel Cruz Horta y el otro lo fué por el predicho Manuel Cruz Horta ante el subsecretario de la Corte de Distrito de San Juan, sosteniendo el demandante la nulidad de dichos juramentos, por entender que el abogado, en su carácter de notario, no puede administrar juramento a su cliente, ni un subsecretario de una corte de distrito tampoco puede autorizarlos en relación con documentos de pleitos que se tramitan ante una corte distinta de aquella donde él ejerce el cargo, discutiendo el apelante, además, bajo este primer aspecto, el hecho de que no fueron cancelados sellos de rentas internas de 25 centavos en relación con dichos dos juramentos, omisión ésta que según él los invalida;

(*b*) Que de acuerdo con la sección 15 de la Ley número 85, aprobada el 14 de mayo de 1928 (Leyes de ese año, pág. 631), denominada "Ley de Indemnizaciones por Accidentes del Trabajo", el caso que nos ocupa debe ventilarse en el distrito donde ocurrió el accidente, que en este caso lo fué el distrito de Mayagüez; y

(*c*) Que de acuerdo con el artículo 79 del Código de Enjuiciamiento Civil, este caso, según el apelante, debe también verse en el distrito de Mayagüez, y no en el de San Juan donde reside el demandado.

Discutiremos los distintos aspectos de la cuestión en el orden anteriormente establecido:

(*a*) Se ha resuelto en esta jurisdicción, siguiendo la regla establecida en el Continente, que los abogados que os-

tentan la representación de alguna de las partes en un pleito no deben ejercer funciones de notario en relación con el mismo a los efectos de tomar juramentos a sus clientes o para otros fines, y se ha dicho que semejante práctica no es propia y no debe seguirse; pero nunca se ha dicho que un juramento así tomado sea nulo. *Negrón* v. *Superintendente de Elecciones,* 11 D.P.R. 366; *Rivera* v. *Cámara,* 17 D.P.R. 528.

La ley sobre declaraciones juradas (*affidavits,* juramentos y afirmaciones), en su artículo 2, según fué enmendado por la ley de 9 de marzo de 1910, autoriza a cualquier secretario de una corte de distrito o del Tribunal Supremo para tomar juramentos y no establece diferencia entre su autoridad a este efecto y la conferida a los jueces del Tribunal Supremo, jueces de distrito y jueces municipales y de paz. No existe disposición alguna, como antes indicamos, que limite la facultad de los secretarios de las cortes de distrito para tomar juramentos a pleitos o procedimientos que se tramitan ante la corte donde ellos actúan. Sólo se ha resuelto en el caso de *Pérez* v. *López,* 18 D.P.R. 651, que un secretario de una corte municipal no tiene facultades para tomar el juramento de una demanda que ha de presentarse ante una corte de distrito; pero la ley que autoriza a los secretarios de las cortes municipales a tomar juramentos es la de 8 de marzo de 1906, pág. 101, distinta de la sección 2 antes citada, que autoriza a los secretarios de las cortes de distrito, jueces del Supremo, etc., para administrar juramentos.

En el caso de *Pueblo* v. *Rodríguez,* 49 D.P.R. 470, se cita con aprobación el de *El Pueblo* v. *Colón,* 17 D.P.R. 1011, que sostiene que los subsecretarios de las cortes de distrito están autorizados para tomar juramentos lo mismo que los secretarios de quienes derivan su autoridad.

No tiene razón el apelante en lo que se refiere al defecto de cancelar sellos en relación con los dos juramentos antes citados, pues de acuerdo con el inciso 22 de la sección 16 de la Ley de Rentas Internas de Puerto Rico (núm. 85),

aprobada el 20 de agosto de 1925 (Leyes de ese año, pág. 584), expresamente se exime del impuesto de 25 centavos a los *affidavits* o declaraciones de autenticidad "que se otorguen por funcionarios oficiales en la tramitación de asuntos oficiales." Ya hemos visto que se trata en este caso de una demanda contra el Tesorero de Puerto Rico en su carácter oficial. Por consiguiente, no existe la nulidad alegada por el apelante.

■ (*b*) Pasemos ahora al segundo aspecto de la cuestión. La sección 15 de la "Ley de Indemnizaciones por Accidentes del Trabajo" (núm. 85 de 1928, pág. 631) se contrae exclusivamente al recurso de revisión que autoriza dicha ley contra las decisiones de la Comisión Industrial, concediendo jurisdicción a ese efecto a la corte de distrito del distrito donde ocurrió el accidente; pero en el presente caso no se trata de revisar una orden o decisión de la Comisión Industrial, sino de un procedimiento completamente independiente de aquél que motivó la decisión concediendo compensación al apelante. La circunstancia de que el objetivo de la acción de *mandamus* en este caso sea obligar al Tesorero a pagar la indemnización ya concedida por la Comisión Industrial, y que de ese modo se relacione con el asunto que motivó la compensación al obrero, no hace aplicable la sección 15 citada por el apelante, que como hemos visto se contrae exclusivamente al recurso de revisión.

■ (*c*) Considerando ahora la tercera cuestión suscitada por el apelante, basta citar el caso de *Clemente* v. *Junta Examinadora de Ingenieros,* 38 D.P.R. 903, 906, y el de *Mayagüez Dock & Shipping Co.* v. *Soltero,* 42 D.P.R. 381, en que se trataba de un pleito de *mandamus* contra el Superintendente de Seguros, cuya residencia era en San Juan, y esta corte, al revocar la resolución que denegó el traslado, dijo lo siguiente:

"En el caso de *Clemente* v. *Junta Examinadora de Ingenieros,* 38 D.P.R. 903, en el que se interesó un auto de *mandamus* contra

dicha junta declaramos que la demandada tenía derecho a la traslación del caso a la Corte de Distrito de San Juan porque en la ciudad de San Juan tiene su residencia la demandada.''

*No existiendo, pues, el error señalado por el apelante, procede en este caso confirmar en todas sus partes la resolución apelada.*

El Juez Presidente Señor del Toro no intervino.