JUAN DE JESÚS MONTALVO, peticionario, *v.* CORTE DE DISTRITO DE ARECIBO, HON. R. AGRAÍT ALDEA, JUEZ, demandada.

Núm. 362.—*Sometido:* Noviembre 24, 1941. *Resuelto:* Diciembre 2, 1941.

*Diego E. Ramos,* abogado del peticionario; el Juez demandado compareció por escrito.

546

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En la petición radicada en este caso se solicita se dicte un auto de *mandamus* dirigido a la Corte de Distrito de Arecibo, Hon. R. Agraít Aldea, juez, ordenándole proceda a archivar y sobreseer las causas criminales núms. 7366 y 7368, incoadas ante dicha corte por el Pueblo de Puerto Rico contra Juan de Jesús Montalvo, por infracciones de la sección 5, párrafo 3, subdivisión "B," y de la sección 4 de la ley núm. 3 de 1935 (Ley de Café), por haber transcurrido con exceso el término de 120 días fijado por el artículo 448, inciso 2, del Código de Enjuiciamiento Criminal, sin que dichas causas fuesen llevadas a juicio.

En su contestación al auto alternativo de mandamus, alegó el juez de la corte inferior que las dos causas cuyo sobreseimiento se solicita fueron radicadas el 17 de marzo de 1941; que la vista de ambos casos fué señalada para junio 11, 1941, fecha comprendida dentro de los 120 días que fija el estatuto; que al ser llamados dichos casos para juicio, en la fecha ya indicada, la corte dió lectura a un telegrama oficial del Subcomisionado de Agricultura, en el que informaba a la corte que el Sr. F. Luis Calderón, único testigo de cargo en ambos casos estaba bajo orden del juez de distrito de San Juan para continuar declarando ante la corte de distrito, en un caso comenzado el día 10 y suspendido para continuarlo el 11 de junio de 1941; que considerando que dicho Sr. Calderón era el único testigo y creyendo que era innecesario que se presentara prueba para demostrar que su declaración era indispensable, la corte creyó que existía un motivo claro y justificado para decretar la suspensión, y en uso de su discreción así lo hizo; que los dos casos fueron señalados nuevamente para el 3 de septiembre de 1941, en cuya fecha se vió, antes de la celebración del juicio, la moción formulada pocos días antes por el acusado, solicitando el archivo y sobreseimiento de ambas causas, la cual fué denegada; que el mismo día 3 de septiembre se celebró

la vista, siendo convicto el acusado en ambas causas; que en la misma fecha en que fueron dictadas las sentencias, el acusado apeló; y que estando dichas causas pendientes ante la Corte Suprema, la corte de distrito carece de jurisdicción para ordenar el archivo y sobreseimiento que se solicita.

El peticionario ha radicado una moción para que se declare nulo el juramento de la contestación y para que se dicte sentencia sobre las alegaciones. Se alega como causa de nulidad que el juramento prestado ante el Secretario de la corte de distrito es nulo, "porque dicho secretario carece de facultad para tomar juramentos en procedimientos seguidos ante este Hon. Tribunal Supremo." Dicha moción carece en absoluto de méritos y debe ser desestimada. El artículo 2 de la "Ley autorizando a determinados funcionarios para que tomen declaraciones juradas, juramentos y afirmaciones en Puerto Rico, etc.," aprobada en marzo 12, 1903, según fué enmendado por la ley de 9 de marzo de 1910, pág. 78, lee así:

"Artículo 2.—Todo juramento, declaración jurada o afirmación que sea necesaria o conveniente o que la ley requiera, podrá prestarse en Puerto Rico y expedirse una certificación al efecto, ante cualquier Magistrado de la Corte Suprema, o ante cualquier Juez de una Corte de Distrito, *o ante cualquier Secretario de cualesquiera de las Cortes antedichas,* o ante cualquier Juez de Paz o Municipal o ante cualquier Notario Público . . ." (Bastardillas nuestras.)

Como se ve, los Secretarios de las cortes de distrito están facultados para tomar cualquier declaración jurada o juramento requeridos por la ley. La única limitación de esa facultad la encontramos en la sección 4 de la "Ley estableciendo un registro de *affidavits* o declaraciones ante Notarios y otros funcionarios," aprobada en marzo 12, 1908, que dispone que solamente los notarios podrán autorizar los "affidavits" o declaraciones, "cuando se refieran a hechos, actos o contratos de mero interés particular." Tratándose en el caso de autos de un asunto de interés público y no de mero interés particular, debemos resolver que el Secretario

de la Corte de Distrito de Arecibo está legalmente facultado para administrar y autorizar el juramento de cualquier alegación o escrito que de acuerdo con la ley deba ser formulado para su radicación ante esta Corte Suprema, y que por lo tanto el juramento de la contestación del juez querellado es válido. El caso de *Pérez* v. *López, Juez,* 18 D.P.R. 651, citado por el peticionario, no es de aplicación al de autos. Véase: *Soto* v. *Tesorero de P. R.,* 53 D.P.R. 950.

█ █ La única cuestión a resolver es si la corte de distrito tuvo suficiente justificación para posponer la celebración de la vista que había sido señalada para el día 11 de junio de 1941. De la copia certificada del acta de esa fecha, que obra en autos, aparece que F. Luis Calderón era un testigo esencial y el único con que contaba el fiscal para sostener sus acusaciones. A la corte le constaba, por habérselo comunicado oficialmente el Subcomisionado de Agricultura, que a dicho testigo le sería imposible comparecer en la fecha señalada para el juicio por haber sido citado previamente por otra corte de distrito para declarar en un juicio comenzado el día antes. Los hechos que hemos expuesto, y que fueron ampliamente sostenidos por la evidencia practicada el 2 de septiembre de 1941, justifican a nuestro juicio la suspensión decretada por la corte. Véanse: artículo 449 del Código de Enjuiciamiento Criminal y *Pueblo* v. *Calderón,* 46 D.P.R. 887.

*Por las razones expuestas debe desestimarse la petición de mandamus.*