Juan Piereschi Vallet, peticionario y apelante, *v.* El Comisionado de Agricultura y Comercio, como Presidente de la Puerto Rican Coffee Price Stabilizing Corporation y Vicente Medina y J. M. Campos, Gerente y Pagador, respectivamente, de dicha Corporación, demandados y apelados.

Núm. 8701.—*Sometido:* Mayo 7, 1943. *Resuelto:* Mayo 20, 1943.

*José Sabater,* abogado del apelante; *Hon. Procurador General Interino M. Rodríguez Ramos y· A. E. Franco Cabrero, Procurador Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Juan Piereschi Vallet presentó ante la Corte de Distrito de Mayagüez una petición de *mandamus* para que se ordenase a los demandados, o sea, a Fernando M. Villamil, Comisionado de Agricultura y Comercio, como Presidente de la Puerto Rican Coffee Price Stabilizing Corporation; a Vicente Medina y J. M. Campos, Gerente y Pagador, respectivamente, de dicha corporación, que le pagaran al peticionario cierta cantidad importe del subsidio de café que según él le corresponde de acuerdo con las leyes vigentes. La corte expidió un auto alternativo y los demandados radicaron una moción solicitando el traslado del caso a la Corte de Distrito de San Juan, acompañada de sendos *affidavits* de méritos y de su contestación. Inmediatamente el peticionario radicó una moción solicitando que la corte inferior retuviera el caso por motivo de la conveniencia de los testigos, a la cual acompañó un affidavit de méritos. Oídas las partes la corte declaró con lugar la moción de los demandados, ordenó el traslado solicitado y al mismo tiempo resolvió que carecía de autoridad para considerar la moción del peticionario.

Contra esta resolución estableció el peticionario el presente recurso de apelación y alega que la corte inferior erró "al trasladar el caso no habiendo los demandados requerido al demandante para el traslado" y "al negarse a retener el

caso fundada la retención en los fines de la justicia y la conveniencia de los testigos".

■ Para sostener su primer señalamiento cita el apelante el caso de *Estrada* v. *Oreña,* 54 Cal. 407, y arguye que de acuerdo con el artículo 82 de nuestro Código de Enjuiciamiento Civil para que un demandado tenga derecho a solicitar el traslado de un caso debe previamente hacer un requerimiento al efecto al demandante. Desde el año 1911 esta corte en el caso de *Bithorn et al.* v. *Ball et al.,* 17 D.P.R. 577, después de citar entre otros el de *Estrada* v. *Oreña,* supra, resolvió que tal requerimiento no era necesario y que la interpretación en contrario "no es digna de aprobación, porque la petición debe hacerse a alguna persona o tribunal que tenga facultad para concederla, facultad que en este caso no tienen los demandantes; pero la corte inferior está facultada para ordenar el traslado de la causa y es a ese tribunal a quien debe dirigirse la solicitud".

■ Por el segundo señalamiento se sostiene que la corte inferior erró al resolver que carecía de autoridad para considerar la moción del demandante para que continuara conociendo del caso porque la conveniencia de los testigos y los fines de la justicia así lo justicaban. La corte se basó principalmente en nuestras decisiones en los casos de *Mayagüez Dock & Shipping Co.* v. *Soltero,* 42 D.P.R. 381, y *Lagarreta* v. *Tesorero,* 55 D.P.R. 22.

La situación de hechos en el caso de *Mayagüez Dock & Shipping Co.* v. *Soltero,* supra, fué idéntica a la del caso de autos. Ante la Corte de Distrito de Mayagüez se solicitó la expedición de un auto de mandamus contra el Superintendente de Seguros y éste pidió que el asunto fuera trasladado a la Corte de Distrito de San Juan por residir y tener su oficina como tal Superintendente en la ciudad de San Juan, acompañando a su moción su contestación a la petición de mandamus. Entonces la corporación peticionaria solicitó de la corte que retuviese su jurisdicción por la conveniencia de

los testigos. La corte resolvió que si bien el demandado tenía derecho al traslado por razón de su residencia, el caso debía continuar viéndose en la corte de origen por la conveniencia de los testigos. En apelación esta corte revocó dicha resolución y después de citar el caso de *Clemente* v. *Junta Examinadora de Ingenieros,* 38 D.P.R. 903—otro caso de mandamus en el que se resolvió que la Junta demandada tenía derecho al traslado del caso a la Corte de Distrito de San Juan porque en la ciudad de San Juan tenía su residencia la demandada—, se dijo lo siguiente:

"Todo demandado tiene derecho en una acción personal establecida contra él a que el juicio sea seguido, como cuestión de derecho, en el lugar donde tiene su residencia, y la corte no tiene autoridad para considerar a petición del demandante la conveniencia de los testigos. Después que el asunto sea trasladado al distrito propio podrá el demandante solicitar que por la conveniencia de los testigos vuelva al distrito designado originalmente en la demanda, si tal conveniencia lo requiere. Esta doctrina, que aceptamos, aparece de los siguientes casos: *Mill & Gibb* v. *Starin,* 119 N. Y. (App. Div.) 336, 104 N. Y. S. 230 y *Lageza* v. *Chelsea Fibre Mills,* 135 N. Y. (App. Div.) 731, 119 N. Y. S. 906."

Arguye el apelante en el presente caso que debemos revocar nuestra decisión en el caso de *Mayagüez Dock & Shipping Co.,* supra, debido a que la doctrina que aceptamos en dicho caso fué tomada de la jurisprudencia del Estado de Nueva York allí citada, que está en abierta contradicción con la doctrina que prevalece en el Estado de California, de donde proceden los artículos 75 al 86 de nuestro Código de Enjuiciamiento Civil que se refieren al lugar para la celebración de los juicios en asuntos civiles, ya que esta corte en el caso de *Lagarreta* v. *Tesorero,* 55 D.P.R. 22, resolvió que se presume que el legislador puertorriqueño al adoptar estos artículos lo hizo con la interpretación que se les había dado en el Estado de su origen.

Tiene razón el apelante al sostener que la regla prevaleciente a través de los años en California es la que se expone

en el caso de *Sowers* v. *Sowers,* 16 P. (2d) 176 (Calif., 1932), en la siguiente forma:

"De acuerdo con la regla bien establecida si un demandado al solicitar el traslado del caso basado en su no residencia, archiva una contestación a la demanda, el demandante tiene derecho a interponer y a que sea resuelta por la corte en que se inició el pleito, una moción para que la corte retenga el caso para juicio. Siendo la razón para la regla de que al presentar su contestación los hechos del caso están en *issue* y la corte está en condiciones de determinar qué testimonio será material para probar los mismos. *Sheffield* v. *Pickwick Stages,* 191 Cal. 9, 214 P. 852; *Gordon* v. *Perkins,* 203 Cal. 183, 263 P. 231; *San José Hospital* v. *Etherton,* 84 Cal. App. 516, 258 P. 611; *Dawson* v. *Dawson,* 83 Cal. App. 119, 256 P. 491; *Woods* v. *Berry,* 105 Cal. App. 90, 286 P. 1073; *McSherry* v. *Penn. C. G. M. Co.,* 97 Cal. 637, 32 P. 711; *Pascoe* v. *Baker,* 158 Cal. 232, 110 P. 815; *Cook* v. *Pendergast,* 61 Cal. 72; *Heald* v. *Hendy,* 65 Cal. 321, 4 P. 27; *Armstrong* v. *Superior Court,* 63 Cal. 410; 25 Cal. Jur. 882. En el caso presente, por lo tanto, inmediatamente después que el demandado radicó su contestación, la demandante tenía derecho a presentar su contramoción y la corte ante la cual se había radicado la acción tenía completa autoridad legal para oír y resolver la misma."

La regla no se aplica a menos que la contestación haya sido radicada en el momento de solicitarse el traslado. La moción del demandante para que se retenga el caso por la conveniencia de los testigos no progresará por la razón obvia de que hasta que exista una controversia la corte no puede determinar qué testimonio será material. 25 Cal. Jur. 882-3, §22.

No obstante la regla adoptada en el caso de *Mayagüez Dock & Shipping Co.,* supra, esta Corte Suprema desde el año 1909 había resuelto en el caso de *Sarié* v. *Porto Rican Leaf Tobacco Co.,* 15 D.P.R. 204, aplicando la regla prevaleciente en California, lo siguiente:

"No podemos estar conformes con la doctrina que sostiene la corte inferior de no poder considerar la moción sobre permanencia del caso en dicha corte por conveniencia de los testigos, fundándose para ello en que dicha moción debía someterse a la consideración de

la Corte de Distrito de San Juan, pues si la parte demandada solicitaba el traslado del pleito por ser su domicilio la ciudad de San Juan y la parte demandante se oponía a ello invocando la conveniencia de los testigos, era de su incumbencia apreciar las alegaciones de ambas partes, y por el mérito de ellas resolver dicha moción.

"El artículo 396 del Código de Enjuiciamiento Civil de California es exactamente igual al artículo 82 de nuestro Código, y por tanto, debemos aceptar la jurisprudencia del Tribunal Supremo de aquel Estado sobre la cuestión que examinamos."

A pesar de esto se confirmó la resolución ordenando el traslado solicitado por el demandado por el hecho de que el demandante no colocó a la corte inferior en condiciones de poder dictaminar en dónde la conveniencia de los testigos exigía se fijase el lugar del juicio por no haber el demandante demostrado cuál era la índole de las declaraciones que habrían de prestar.

En el caso de autos el demandante cumplió con este requisito al presentar varias declaraciones juradas de los distintos testigos que se proponía utilizar para sostener las alegaciones de su demanda.

El caso de *Sarié* v. *Porto Rican Leaf Tobacco Co.*, supra, ha sido citado en varios casos posteriores, pero no en cuanto a la cuestión específica aquí envuelta, sino en relación con las que se refieren a la insuficiencia de los affidavits presentados para solicitar el traslado por la conveniencia de los testigos y a la residencia de una corporación extranjera, excepto en el de *Carlo* v. *Central Bayaney*, 27 D.P.R. 299, en el que se resolvió que el caso de *Sarié*, supra, no era aplicable "porque en él existía una contestación, lo que no ocurre en el que estamos considerando y, por tanto, no tiene paridad".

Somos de opinión que la regla adoptada en el caso de *Mayagüez Dock & Shipping Co.* v. *Soltero*, supra, tomándola de la jurisprudencia del Estado de New York no debe prevalecer y que dicho caso debe considerarse revocado y que,

en consonancia con lo resuelto en el caso de *Sarié* v. *Porto Rican Leaf Tobacco Co.*, supra, debe prevalecer en Puerto Rico la misma regla que en California, es decir, que contestada una demanda por el demandado que ha solicitado el traslado del caso por razón de su residencia el demandante puede resistir dicho traslado por la conveniencia de los testigos y la corte tiene autoridad para resolver la cuestión planteada por el demandante antes de decretar el traslado solicitado por el demandado. La razón para esta regla es obvia. La ley no requiere que se hagan cosas inútiles e innecesarias. Trabada la contienda al radicarse la contestación por el demandado, la corte donde se inició el pleito está en las mismas condiciones que lo estaría la corte de la residencia del demandado para determinar si la conveniencia de los testigos exige que el caso continúe tramitándose en la corte en que se radicó la acción.

Ahora bien, como los demandados en este caso amparándose en la regla establecida en el caso de *Mayagüez Dock & Shipping Co.*, supra, no controvirtieron los affidavits presentados por el demandante y la corte inferior tampoco entró a considerarlos, *la resolución apelada debe ser revocada con instrucción a dicha corte de que conceda a los demandados un término razonable para controvertir los affidavits presentados por el demandante y entonces proceda a resolver la cuestión planteada.*

El Juez Asociado Sr. Travieso no intervino.